THE PEOPLE ex rel. Owen B. Vaughn

v.

THE CITY OF CHICAGO et al.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. CIVIL SERVICE—*employees of board of education in Chicago are within Civil Service act.* The board of education of the city of Chicago is to some extent a part of the municipal government, and its officers and employees are within the provisions of the Civil Service act applicable to employees of the city.

2. SAME—*board of education has power to discharge employees under civil service.* Under section 8 of the Teachers' Pension Fund act of 1895, (Laws of 1895, p. 314,) the board of education of the city of Chicago has power to investigate and determine charges against its employees and to remove or discharge them, but in all other respects the Civil Service act is to be applied to such employees according to its terms.

3. SAME—*effect of passage of Employee's Pension Fund act of 1903.* The passage of the School Employee's Pension Fund act of 1903, section 16 of which (Laws of 1903, p. 313,) provides that "no employee who has contributed to said fund shall be removed except for cause, upon written charges, which shall be investigated and determined by the board of education," etc., does not deprive the board of power, after a proper hearing, to discharge an employee who has not contributed to such fund.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

The plaintiff in error, Owen B. Vaughn, filed his petition in the superior court of Cook county, against the city of Chicago and the board of education of said city, praying for a writ of *mandamus* against the defendants and the civil service commission to compel them to forthwith place his name on the civil service list of said city and upon the roster of carpenters and upon the pay-roll of said city.

The petition alleged, in substance, that the city of Chicago was a municipal corporation; that the board of education of said city consisted of twenty-one members and was in charge of the free schools of the said city; that the civil service commission of said city had duly classified all of the offices and places of employment in said city; that the office of carpenter was duly classified and was under the Civil Service act and constituted a part of the civil service of said city; that on April 4, 1896, the petitioner took the civil service examination for the office of carpenter and passed with a mark of ninety-nine per cent; that on June 18, 1896, he entered upon his duties as carpenter, which position he held, either under the city of Chicago or the board of education, from thence until December 9, 1904; that his appointment was duly certified to the comptroller; that on December 9, 1904, while in the employ of the board of education, charges were filed against him before said board and notice served upon him; that on December 23, 1904, these charges were heard before the buildings and grounds committee of said board, upon unsworn oral statements; that upon the conclusion of such hearing the committee found that the charges were true and recommended that the petitioner be discharged from the service of said board; that on January 4, 1905, at its regular meeting, the board concurred in, approved and confirmed the finding and struck the name of petitioner from the pay-roll; that the petitioner was not a beneficiary of the pension fund provided for under the statutes of the State of Illinois; that he demanded restoration to his position and was refused.

The city failed to answer the petition and was defaulted, but the board of education filed its answer, in which it alleged that plaintiff in error was properly and legally discharged. A demurrer to the answer was overruled, and upon a hearing upon an agreed state of facts the court found the issues in favor of defendants and dismissed the petition. A writ of error was prosecuted from the Appel-

late Court, where the judgment was affirmed, and a further writ of error has been prosecuted from this court.

· A. D. GASH, for plaintiff in error.

JAMES MAHER, and ANGUS ROY SHANNON, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Upon the hearing the plaintiff in error asked the trial court to hold three propositions of law, to the effect that neither the board of education nor its committee on buildings and grounds had authority to hear and determine the charges preferred against the petitioner; that the finding on said charges, and the discharge, were illegal and void; that the pretended trial was not a legal hearing and the result thereof was void, and that the prayer of the petition should be granted. The court refused to hold any of these propositions, and that ruling is assigned as error, and brings before this court the question of the right of the board of education to investigate and determine charges against one of its civil service employees, and to remove and discharge him, notwithstanding the fact that he had never contributed to the pension fund created by the act of 1895, as amended by the act of 1903. In other words, the sole contention of the petitioner is, that neither the board of education nor its committee on buildings and grounds had the power to discharge him, but the civil service commission alone could do so.

We have held that the board of education of the city of Chicago is connected with, dependent upon and to some extent a part of the municipal government of that city, and as such its officers and employees fall within the operation of the Civil Service act, applicable to the employees of said city. *Brenan* v. *People,* 176 Ill. 631.

Section 12 of chapter 24, (Hurd's Stat. 1903, p. 381,) relating to civil service in cities, provides that no officer or employee in the classified civil service of any city who shall have been appointed under the rules of said civil service commission after taking the examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense; and such charges shall be investigated by or before the civil service commission, or by or before some officer or board appointed by said commission to conduct such investigation, and the finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer and shall be forthwith enforced by such officer.

Section 8 of chapter 122, (Hurd's Stat. 1903, p. 1725,) making provision for a pension fund for public school teachers and public school employees, provides that no teacher or other employee who has been, or who shall have been, elected by the board of education, shall be removed or discharged except for cause, upon written charges, which shall be investigated and determined by said board of education, whose action and decision in the matter shall be final.

Both of the sections above quoted were passed at the same session of the General Assembly and went into force and effect on July 1, 1895. They are in conflict with each other, but in the case of *Brenan* v. *People, supra,* we held that, inasmuch as the acts were not in conflict except as to the two paragraphs above quoted, it was the duty of the court to construe them so as to give effect to both as far as that might be done, and that, giving effect to the provision of the Pension act as the latest expression of the legislature, the board of education had the power to investigate and determine charges against its employees and to remove or discharge them, but that in all other respects the Civil Service act applied to such employees according to its terms.

In 1903 the public school employee's pension act was amended, (Hurd's Stat. 1903, sec. 16, p. 1728,) which amendment provides that all elections or appointments of employees by said board of education shall be made pursuant to an act entitled "An act to regulate the civil service of cities," approved and enforced March 20, 1895, such election or appointment to be permanent during efficiency and good behavior, and that no employee who has contributed to such fund shall be removed or discharged except for cause, upon written charges, which shall be investigated and determined by the board of education, whose action and decision in the matter shall be final. Prior to the amendment of 1903, under the authority of the *Brenan case,* there can be no dispute but that the board of education, rather than the civil service commission, had authority to discharge its employees, and the only question here is whether or not the amendment limited that power to authority to discharge only those who had contributed to the pension fund. We do not think the amendment should be so construed, and that, considering all of the sections of the statute together, the board of education is given full power and authority to discharge its employees upon a proper hearing, but in all other respects the civil service laws are applicable to such employees. For these reasons the circuit court committed no error in refusing to hold the propositions of law submitted by the petitioner and in dismissing the petition.

The judgment of the Appellate Court will therefore be affirmed.                                *Judgment affirmed.*