LAWRENCE E. McGANN *et al.*

*v.*

THE PEOPLE *ex rel.* William H. Simpson.

*Opinion filed June 19, 1907.*

CIVIL SERVICE—*Civil Service act does not govern appointment of deputy clerks for municipal court.* Under the plain provisions of the Municipal Court act deputy clerks for the municipal court of Chicago are to be appointed by the clerk of such court and are under the control of the judges of the municipal court, and their appointment is not governed by the provisions of the Civil Service act.

APPEAL from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

This is an appeal from a judgment of the circuit court of Cook county awarding a writ of *mandamus* directed to Lawrence E. McGann, comptroller of the city of Chicago, and the city of Chicago, commanding the said comptroller to deliver to the relator a warrant drawn upon the city treasurer for the salary of the relator for the month of December, 1906, as deputy clerk of the municipal court of Chicago, then in his hands, and the city of Chicago forthwith to pay the relator the sum specified in said warrant, as and for his salary for the month of December, 1906.

The petition averred that an act entitled "An act in relation to a municipal court in the city of Chicago," (Laws of 1905, p. 157,) was in force in the city of Chicago; that under said act the electors of the city of Chicago, on the first Tuesday after the first Monday of November, 1906, elected twenty-eight judges of said municipal court, also a clerk and bailiff of said court, each of whom duly qualified; that on December 3, 1906, the judges of said municipal court, by order entered of record, fixed the number, qualifications and salary of the deputy clerks and bailiffs which

were to be appointed for said municipal court; that the relator was on that day duly appointed by the clerk of said municipal court a deputy clerk of said court; that he possessed all the qualifications prescribed by law and the order of the judges of said court as a deputy clerk, and that he had duly qualified as such deputy clerk by taking the oath of office and filing a bond, which bond had been approved; that from and after his appointment and qualification he entered upon the discharge of his duties as such deputy clerk and performed such services up to and including the 31st day of December; that upon that day the clerk of said municipal court filed with the comptroller of the city of Chicago a verified pay-roll of his office, showing thereon the name, service and office of the relator, together with the amount due him as his salary for the month of December, 1906, and a warrant was drawn upon the city treasurer, payable to the relator, for said sum so due him for salary as such deputy clerk, which warrant was signed by the mayor of the city of Chicago and countersigned by the comptroller of said city, but that the said comptroller refused to deliver said warrant to the relator, alleging as a reason for such refusal that the relator had not been appointed to the office of deputy clerk of said municipal court in accordance with the provisions of an act entitled "An act to regulate the civil service of cities," approved March 20, 1895, (Hurd's Stat. 1905, p. 393,) and in force in the city of Chicago. The relator admitted in the petition that said Civil Service act was in force in the city of Chicago and that he was not appointed to the office of deputy clerk of said municipal court under the provisions of said Civil Service act, and averred that the provisions of said Civil Service act did not apply to said appointment of deputy clerk of said municipal court. The respondents filed a general demurrer to said petition, which was overruled, and they having elected to abide their demurrer, judgment was entered awarding the writ of *mandamus* as prayed for in the petition.

Michael F. Sullivan, (James Hamilton Lewis, Corporation Counsel, William D. Barge, and Hiram T. Gilbert, of counsel,) for appellants.

Barker, Church & Shepard, Knight & Hoyne, and Olaf F. Severson, (Frank L. Shepard, and Maclay Hoyne, of counsel,) for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

. It is apparent from the preceding statement that the sole question here presented for decision is, do the provisions of "An act to regulate the civil service of cities" apply to the appointment of deputy clerks of the municipal court of Chicago? We think that question must be answered in the negative.

The first contention made in support of the judgment of the trial court is, that the legislature, under the provisions of the constitution, is without power to require deputy clerks of the municipal court of Chicago to be appointed under the provisions of "An act to regulate the civil service of cities." We do not deem it necessary to consider the constitutional question thus raised, as we think it clear that the legislature has not required the appointment of deputy clerks of the municipal court of Chicago to be made under the provisions of said Civil Service act. Section 14 of the Municipal Court act provides that there shall be elected a clerk of said municipal court, whose term of office shall be six years; and section 15 thereof provides "that said clerk shall appoint such number of deputies as may be determined, from time to time, by a majority of the judges of the municipal court by orders signed by them and spread upon the records of said court," and that "any deputy clerk shall be subject to removal at any time by an order signed by a majority of the judges of the municipal court and spread upon the records of said court." This language indicates

so clearly that the deputy clerks of the municipal court of Chicago are to be appointed by the clerk of said court, and said deputy clerks, when appointed, are to be under the control of the judges of said court, that the statute is not open to construction. The courts cannot disregard the plain language of a statute, and it is their duty to accept it as they find it and enforce it as it is plainly written. (*Ottawa Gas Light and Coke Co.* v. *Downey,* 127 Ill. 201; *City of Chicago* v. *McCoy,* 136 id. 344.) And if there were a conflict between the provisions of the Civil Service act and the Municipal Court act, the provisions of the latter law having been enacted into law subsequent to those of the Civil Service act, the Municipal Court act would necessarily control. It is also a rule of construction that a special act will control although there may be provisions found in a general act which, but for the provisions of the special act, would include the subject matter covered by the provisions of the special act. Here the Municipal Court act provides that the clerk of the municipal court shall appoint such number of deputies as may be determined, from time to time, by a majority of the judges of the municipal court, and that such deputy clerks shall be subject to removal at any time by a majority of the judges of said court. To undertake to read into said statute the provision that the clerk of said court should appoint said deputies in accordance with the provisions of "An act to regulate the civil service of cities," would be for this court to legislate upon the subject of the appointment of deputy clerks of the municipal court, which this court is powerless to do.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*