Board of Library Directors of City of Springfield et al., Appellants, v. John P. Snigg et al., Appellees.

Gen. No. 9,188.

Heard in this court at the April term, 1939. Opinion filed October 19, 1939. Rehearing denied February 23, 1940.

GIFFIN, LINDNER, NEWKIRK & JONES and ROBERT H. BRUNSMAN, all of Springfield, for appellants.

L. G. PEFFERLE, of Springfield, for appellee Jennie Feldkamp.

MR. JUSTICE HAYES delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Sangamon county dismissing a petition for a writ of certiorari filed by the petitioners appellants, Board of Library Directors of the City of Springfield, hereinafter called petitioners, against respondents appellees, the Civil Service Commission of the City of Springfield, and Jennie Feldkamp, hereinafter called respondents.

The circuit court heard the case entirely upon the pleadings and the record of the Civil Service Commission, no evidence having been presented or heard. Since on or about April 4, 1882, the city of Springfield

has been under the general Cities and Villages Act, and since January 2, 1911 it has been under Art. XIII of that act (ch. 24, ¶¶ 265–326, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.300–21.364]) which provides for the commission form of government. Ever since the adoption of said commission form of government, the city of Springfield has been operating in pursuance of the provisions thereof.

On April 2, 1907 the city of Springfield adopted "An Act to regulate the civil service of cities," approved March 20, 1895.

The petitioner, Board of Library Directors of the City of Springfield is a *quasi* municipal corporation organized and existing under "An act to authorize cities to establish and maintain free public libraries and reading rooms," approved March 7, 1872, having been so established by the city council of said city in 1901, and has continued to operate under said Library Act ever since.

The respondent Jennie Feldkamp is an employee of the petitioner, Board of Library Directors of the City of Springfield, having been employed more than five years prior to 1909. In that year she took and passed an examination given and prescribed by the Civil Service Commission of the city and thereafter the Civil Service Commission certified her name to the Board of Library Directors as eligible for employment as assistant librarian.

On September 22, 1938, the respondent Jennie Feldkamp filed with the Civil Service Commission a petition which stated that she was certified as assistant librarian for the city library on April 12, 1909; that she had served ever since in such position; that about 15 years ago Miss Wilson came in as a new librarian and shortly after she started moving the said Jennie Feldkamp from one job to another until she was finally placed in the back room mending books; that there have been a number of assistant librarians come to

work in the library since respondent was appointed; that respondent's check for the last month was cut in half; that her time was cut in half; and that many assistants have come in since the said Jennie Feldkamp has been in the library that have not been cut either on time or pay. The respondent asks to be restored to her former position. The Civil Service Commission gave notice of the filing of said application of Jennie Feldkamp and of the hearing to be had thereon. On the day set for the hearing, the library board appeared before the Civil Service Commission and filed a written motion to dismiss the petition on the ground that the Commission had no jurisdiction of the subject matter. The commission denied this motion and set the case for hearing on its merits for November 7, 1938.

On November 3, 1938, being prior to the date set for the hearing before the Civil Service Commission, petitioners filed in the circuit court, a petition for a writ of certiorari directed to the Civil Service Commission, and commanded them to certify to the circuit court their record in the Jennie Feldkamp case then pending before them, so that such record when filed in said court, might be quashed.

The respondent Jennie Feldkamp filed in the circuit court a motion to dismiss the petition for certiorari, and the petitioners filed a motion to quash the record of the Civil Service Commission, and a motion to strike the motion filed by Jennie Feldkamp to dismiss the petition for certiorari.

The circuit court, by its judgment, allowed the motion of Jennie Feldkamp to dismiss the petition for certiorari, sustained the record of the Civil Service Commission and denied the motions by the petitioners to quash said record and to strike Jennie Feldkamp's motion to dismiss.

The principal question raised in this record is whether or not the Civil Service Commission has ju-

risdiction over the librarian, assistant librarian, and servants and employees of the library board of the city of Springfield.

The general assembly of the State, in an effort to insure good public service by experienced employees of cities, and to remove from said employees political pressure that might be brought on them, and to insure their continuous duration in office against discharge without cause, in 1895 passed an act to regulate civil service of cities, ch. 24½, secs. 39–77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 23.040–23.080]. The general plan of this act provides that the mayor shall appoint three persons who shall constitute the Civil Service Commission, and directs that said Commission shall classify all offices and places of employment in such city, with reference to examinations, except those mentioned in section 11 which excludes all officers elected by the people, judges and clerks of election, members of the board of education, the superintendent and teachers of schools, heads of any principal department of the city, members of the law department, police officers above the grade of captain, and the private secretary of the mayor. It further provides for examination by the Civil Service Commission which shall be public, competitive and free to all citizens of the United States, and provides that those who are successful in passing the examination shall be registered, and directs that the heads of the departments of the city, when a vacancy occurs, shall notify the Civil Service Commission and that said Commission shall certify to the appointing officer the name and address of candidates from the register of the class or grade to which said position belongs. It further provides that no officer or employee in the classified civil service of any city who shall have been appointed under said rules and after said examination shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. It further provides that the com-

mission shall, by its rules, provide for the promotion in such classified service on the basis of ascertained merit and seniority in service.

Section 291 of ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.326], being a section of the commission form of government which the city of Springfield is under, provides that all officers, assistants, and employees of such city except those named and mentioned in sections 23, 24, and 27 of this act, shall be appointed and discharged only in accordance with and pursuant to the provisions of said Civil Service Act. On an examination of sections 23, 24 and 27, it appears that a librarian, assistant librarian or employee of the library board are not mentioned therein.

Section 1 of the Library Act (ch. 81, par. 1, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 73.01]) provides that the city council in any city ''shall have power to establish and maintain a public library for the inhabitants of such city,'' and for that purpose may levy a tax on all taxable property within the city, such tax to be levied and collected in like manner as the general taxes of said city. Section 2 empowers the mayor, with the approval of the council, to appoint a board of nine directors. Section 3 gives the mayor, with the consent of council, power to remove any director for misconduct or neglecting his duty. Clause 4 of section 5 of said act, gives the library board exclusive control of the expenditures of all moneys collected for such library. In clause 10 of section 5, the library board, with the approval and consent of the city council, is given power to sell or otherwise dispose of property no longer necessary for library purposes. In clause 11 of section 5, it is provided ''that said board shall have power to appoint a suitable librarian and necessary assistants and shall also have power to remove such appointees.

In the Commission Form of Government Act, sec. 24a, being sec. 289 of ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.324], provides that any city which

has adopted the commission form of government may establish, maintain and conduct in all respects a public library in accordance with the provisions of an act, "An Act to authorize cities to maintain free public libraries" approved and enforced March 7, 1872.

The case of *Johnston v. Chicago,* 258 Ill. 494, was a suit based upon the negligence of the driver of the truck of the Chicago Public Library. Suit was brought against the city and not the library board. The court said, "If the corporation appoints or elects them, can control them in the discharge of their duties, continue or remove them, can hold them responsible for the manner in which they discharge their trust, and if these duties relate to the discharge of corporate powers" they may be justly regarded as its agents or servants. (4 Dillon on Mun. Corp. (5th. ed.) sec. 1655 and note.) Under the statute authorizing the establishing and maintenance of a public library and reading room, the directors of the library were appointed by the mayor with the approval of the city council. Reading the entire statute together, we think its whole scope and intent is that the library board is but a part of the city government. As was said by this court in *Board of .Water Com'rs v. People ex rel. Springfield,* 137 Ill. 660, 667, "Without the active cooperation of the City Council it would have been wholly unable to effect the object of its creation," and it was there held that the Board of Water Commissioners of the city of Springfield was merely a branch or agency of the municipal government.

In the case of the *People v. Chicago,* 227 Ill. 445, it was held that the board of education of the city of Chicago is connected with, dependent upon, and to some extent a part of the municipal government of that city, and as such its officers and employees fall within the operation of the Civil Service Act, applicable to the employees of said city.

Section 291 makes the Civil Service Act of cities apply to all employees in cities under the commission

form of government, and section 289 provides that cities under the commission form of government having a public library shall conduct the same in all respects in accordance with the provisions of the Library Act.

The legislature making both the Civil Service Act and the Library Act a part of the commission form of government shows the legislative intent to have both acts apply, and require a construction giving effect to both. In *Village of Ridgway v. Gallatin County,* 181 Ill. 521, 525, the court said:

"Such a repeal (by implication) is not favored in the law, and a later statute will never be held to repeal an earlier one, unless they cannot be reconciled. It is the duty of the courts to construe them so as to avoid repeal, if such a construction can be given, and a statute will never be held to be repealed by implication if it can be avoided by any reasonable hypothesis." In the *County of Cook v. Gilbert,* 146 Ill. 268, 274, it is said:

"Repeal by implication is not favored, and will not be held, if both acts, by reasonable construction, may be continued in force."

Petitioners cite the case of *McGann v. People,* 227 Ill. 567, in support of their position that section 5 of the Library Act gives exclusive jurisdiction to the library board, and removes library employees from under any control of the Civil Service Commission, but in this case, which grew out of the appointment of a deputy clerk by the clerk of the municipal court of Chicago, we find that the Municipal Court Act provides that the clerk of the municipal court shall appoint such number of deputies as may be determined, from time to time, by a majority of the judges of the municipal court, and that such deputy clerk shall be subject to removal at any time by the majority of the judges of said court. Here there is clear legislative intent, expressed in this statute, to take the jurisdiction from the Civil Service Commission and vest it in the judges of the municipal court. The clerk of the municipal court

had the right to appoint and to discharge, but subject to the supervision of the judges of the court. Likewise in the case of *Brenan v. People ex rel. Kraus,* 176 Ill. 620, cited by petitioner, the statute there provides for the creation of a teachers' and employees' pension and retirement fund, in force July 1,1895, expressly providing that no teacher nor other school employee elected by said board of education shall be removed or discharged except for cause, upon written charges, which shall be investigated and determined by said board, whose action and decision in the matter shall be final. This shows a clear intent on the part of the legislature to vest the authority in the school board and not in the Civil Service Commission, and the provisions of the Teachers' Act and of the Civil Service Commission Act were clearly inconsistent so far as the power of removal of employees of the school board was concerned.

Under the language used in section 5 of the Library Act, the libary board had power to appoint a suitable librarian and necessary assistants, to fix the compensation, and the right to discharge them. This is as far as the legislature went. It makes a different situation from the *McGann* case, *supra,* which vested the authority in the judges of the municipal court and also different from the *Brenan* case, *supra,* which vested the authority in the school board and made the decision final.

Petitioners contend that in addition to the language found in section 5 of said Library Act, that we should hold that the petitioner "had full, complete and exclusive jurisdiction of and over the appointment, compensation, discipline and removal of the librarian and all necessary assistants" of the city of Springfield. If the legislature had put this language in the act, the petitioners would be warranted in the contention they now make, but apparently the legislature left this limitation out of the act so that the Civil Service Act would

apply. By construing the two statutes together, the library board has the authority to hire and discharge, subject however, to the regulations of the Civil Service Commission. This seems to be the more reasonable and sound construction of the legislative intent and gives effect to both acts.

By analogy, the library board falls in the same category as a board of education. The legislature expressly provides in sec. 50, ch. 24½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 23.051], being the Civil Service Act, that the superintendent and teachers of schools should be exempt from the Civil Service Act. The fact that library employees were omitted from section 50, clearly shows that the legislature intended they should be under the civil service jurisdiction.

We hold the circuit court ruled correctly in allowing the motion of the respondent Jennie Feldkamp for the dismissal of the petition of the library board of the city of Springfield. For the reasons herein set forth the judgment of the circuit court is hereby affirmed.

*Judgment affirmed.*