HENRY H. GAGE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 18, 1903—Rehearing denied June 11, 1903.*

1. CONSTITUTIONAL LAW—*amendment of 1901 to section 7 of Improvement act is constitutional.* The amendment of 1901 to section 7 of the Local Improvement act of 1897, (Laws of 1901, p. 104,) by which no resolution or public hearing is required in proceedings for the laying or renewing of sidewalks, water service-pipes or house drains, is constitutional.

2. SAME—*when scope of amendatory act is as broad as the act it amends.* An act to amend another act (giving its title) is as broad as the act it amends, and anything which might have been inserted in the original act may be provided for in the amendatory act without violating the constitutional provision that the subject of a statute must be embraced in its title.

3. SAME—*the legislature may pass laws applicable to sidewalks, only.* Under the constitution of this State the legislature may pass laws relative to the construction of sidewalks which are not applicable to other local improvements.

4. SPECIAL ASSESSMENTS—*when word "intersections" is not indefinite.* The word "intersections," used in a sidewalk ordinance, refers to sidewalk intersections, where they are described as being upon particular corners of certain streets and where the roadways of all intersecting streets and alleys are expressly excepted from the improvement.

5. SAME—*when provisions for filling are not indefinite.* Provisions of a sidewalk ordinance requiring necessary filling to be from earth free from clay, animal or vegetable matter, and to be compacted by wetting, when necessary, are not so indefinite and uncertain that no substantially correct estimate of cost can be made.

6. APPEALS AND ERRORS—*when refusal to permit witness to repeat his testimony is presumed proper.* Refusal of the court to permit a witness for an objector in a proceeding to confirm a special assessment to repeat his testimony at the instance of counsel for other objectors, will, on appeal, be presumed to be proper, where such testimony is not in the record.

CARTWRIGHT and BOGGS, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

F. W. BECKER, for appellants.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment confirming a special assessment levied to construct a cement sidewalk on both sides of Bond avenue, in the city of Chicago.

No resolution describing the proposed improvement or fixing a day and hour for a public hearing was passed by the board of local improvements, no notice of a public hearing was given and no public hearing was held. By section 7 of the Local Improvement act of 1897 such resolution, notice and public hearing were required in all cases, but by an amendatory act approved May 9, 1901, (Laws of 1901, p. 104,) section 7 was amended by adding the following proviso: "*Provided, however*, that in proceedings only for the laying, building, constructing or renewing of any sidewalk, water service-pipe or house drain, no resolution, public hearing or preliminary proceedings leading up to the same shall be necessary. In such proceedings the board may submit to the city council or board of trustees, as the case may be, an ordinance, together with its recommendation, and the estimated cost of the improvement, as made by the engineer, as herein provided, and such proceedings shall have the same force and effect as though a public hearing had been had thereon."

Counsel for appellants insists that this proviso is unconstitutional, because, as he says, it is class legislation, violates the rule of uniformity in taxation established by the constitution and is repugnant to the body of the act, and also because the subject is not expressed in the title. Such legislation for the construction of sidewalks has always been recognized in this State as within the legislative discretion since the adoption of the constitution of 1870. In article 9 of the City and Village act of 1872 there was an exception made in reference to side-

walks, allowing the owner of any lot or piece of land fronting on such sidewalk fifteen days to build or renew the sidewalk opposite his land and thereby to relieve the same from assessment. (Sec. 19.) This was a privilege not granted to the land owner in any other proceeding had under that article to construct a local improvement. This privilege was continued in the act of 1897, and the time allowed to the lot owner in which to construct the sidewalk was extended to thirty days, and afterward, by the amendatory act of 1901, (sec. 34,) such time was enlarged to forty days. In 1875 the legislature passed the act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages." This act begins thus: "That in addition to the mode now authorized by law," and then proceeds to prescribe such additional mode. This act was held constitutional in *White* v. *People*, 94 Ill. 604, and is still in force, it having been expressly provided by the act of 1897, and the act amendatory thereof of 1901, that nothing therein contained should be construed to repeal the Sidewalk act of 1875. (*Job* v. *City of Alton*, 189 Ill. 256.) It is the settled policy of this State to regard sidewalks as a kind of local improvement properly classed by itself.

Nor does the proviso excepting sidewalk proceedings from the general rules to be followed in other local improvement proceedings violate section 9 of article 9 of the constitution, in regard to uniformity of taxation. The application of that provision of the constitution to such proceedings was exhaustively discussed in *White* v. *People, supra,* and the decision was adverse to appellants' contention.

It is also said that the exception or proviso introduced by the amendatory act of 1901 is repugnant to the body of the act it amends, and is not embraced in the title. The amendatory act is entitled: "An act to amend an act entitled 'An act concerning local improvements,' approved June 14, 1897." Its scope, therefore, is as broad

as the act it amends, and anything that might have been inserted in the original act could be provided for by the amendatory act. It differs widely in this respect from the act discussed in *Dolese* v. *Pierce*, 124 Ill. 140, where the amendatory act was limited to the amending of certain enumerated sections of the original act, and it was there held that only matters germane to the matter contained in those sections could be introduced into the original act thereby. Nor can the proviso be condemned on account of its supposed repugnancy to the body of the act. It is an exception in favor of sidewalk improvements, simplifying the proceedings and providing that the owner may avoid the special assessment entirely by building the sidewalk himself. We are of the opinion that the proviso is constitutional.

The next objection is, that the ordinance is uncertain as to the locality of the walk at intersections, and as to the locality and character of the filling and the foundation. Section 1 of the ordinance is abstracted as follows by counsel for appellants: "That a cement sidewalk six feet in width be and is hereby ordered constructed on both sides of Bond avenue from Seventy-first to Seventy-fourth street, adjoining the lot line, except across the roadways of all intersecting streets and alleys, and except across all steam railroad rights of way thereon between said points, in front of the following lots, blocks, tracts and parcels of land, and also the intersections hereinafter described, viz.: South Shore sub., lots 99, 102, 103, 106, 107, 127, 135, 142, 143, 146, etc., div. 3; intersections at north-west corner Seventy-second street, north-west corner Seventy-third street, north-east corner Seventy-fourth street. Said sidewalk to be constructed as follows: A foundation shall first be prepared by cutting down or filling up the natural surface of the ground to within seventeen inches below the grade. Wherever filling is necessary to bring the foundation to sub-grade it shall be done with earth free from clay, animal or

vegetable matter, in such a manner as to leave a curve of one foot on each side of and flush with the top of the completed walk, etc. Where necessary the foundation must be compacted by wetting, rolling or ramming until solid and unyielding," etc.

Counsel says that the word "intersection" is indefinite, for it may mean street, roadway or sidewalk intersections. A glance at the provisions of the ordinance will show that this objection is without merit. The roadways of all intersections, streets and alleys are expressly excepted, hence the intersections provided for must be sidewalk intersections. These intersections are specified, viz., intersections at north-west corner of Seventy-second street, etc. The parts of a sidewalk which are called intersections are those portions not directly in front of lots, but which fill out the spaces at the corners of blocks from the lot lines to the curb lines at intersecting streets. There is a space left at such places not directly opposite any lot, and known as an intersection. (*Hyman* v. *City of Chicago*, 188 Ill. 462.) No other reasonable interpretation or meaning could be given to the expression "intersection at north-west corner" than the foregoing. In almost any case ingenious speculation may raise a question as to what might possibly have been meant, but it does not seem difficult to understand the correct meaning of the ordinance in this case. *Hyman case, supra.*

It is also contended that the expressions that "wherever filling is necessary to bring the foundation to sub-grade it shall be done with earth free from clay, animal or vegetable matter," and that "where necessary the foundation must be compacted by wetting," etc., are ambiguous and so indefinite that no intelligent or substantially correct estimate of the cost can be made; that as "all earth is teeming with animal life, (although invisible,) it is impossible to determine what kind of earth is here intended." We consider these objections hypercritical. It would be perfectly apparent to any contractor or

engineer where filling is necessary to bring the foundation to sub-grade and where it ought to be compacted by wetting. No such uncertainty appears in the respect mentioned as would prevent a just and correct estimate of the cost from being made. That all earth is teeming with animal life, although invisible, we may admit; but *de minimis non curat lex.*

The last objection is, that the court excluded evidence tending to show that the city had accepted a plank sidewalk which was not according to the ordinance, constructed in front of certain lots assessed in this ordinance by A. B. McChesney, one of the objectors to the assessment, and that the court sustained McChesney's objections based on that fact, and that this proceeding was dismissed as to his property. This question arose on the hearing of the legal objections before the court. The record shows that McChesney was an objector in this proceeding, and that his objections were sustained by the court and the petition dismissed as to his property. The city sidewalk inspector had just testified as to the Mc-Chesney objections, and being still on the stand, counsel for appellants asked him what kind of a sidewalk was laid in front of McChesney's lot. Objection being made, counsel said that the city had accepted work different from the work required by the ordinance in lieu of work so required, and offered to show these facts by this witness. The offer was overruled by the court as improper and irrelevant. The court had just heard the testimony of this witness in regard to McChesney's sidewalk, and as his testimony does not appear in the record we must presume that the court acted properly in refusing to allow him to repeat it at the instance of the appellants' counsel. Counsel's objection that the city had accepted work different from that contemplated in the ordinance is hardly tenable. No work could yet have been done under this ordinance, as a valid sidewalk ordinance must precede the laying of the sidewalk. The proceeding was

one to levy an assessment to build the sidewalk, and not to pay for one already built. The cases of *Gage* v. *People*, 193 Ill. 316, and *Young* v. *People*, 196 id. 603, relied on by the appellants, are not parallel. There is nothing in the record to show that the court erred in excluding the evidence.

Finding no error in the record the judgment will be affirmed.

*Judgment affirmed.*

CARTWRIGHT and BOGGS, JJ., dissenting.