(No. 25956. )

THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* THE WILLIAM DAVIES Co., INC., Appellant.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

CHARLES M. HAFT, for appellant.

THOMAS J. COURTNEY, State's Attorney, and BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, OTHO S. FASIG, and J. HERZL SEGAL, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The William Davies Co., Inc., filed objections in the county court of Cook county to an application of the county collector for a judgment against and an order for the sale of its property because of the non-payment of certain taxes for the year 1937 levied by the city of Chicago. These objections were overruled, judgment was rendered for the taxes found to be delinquent, and the taxpayer prosecutes this appeal.

The city of Chicago levied $37,000,000 for corporate purposes for the year 1937, resulting in a rate of 1.784012. The objector challenged the validity of the taxes in excess of the rate of $1.29 on each $100 valuation on the ground that the amendatory act, amending section 1 of article 8 of the Cities and Villages act, effective July 12, 1935, (Ill. Rev. Stat. 1937, chap. 24, par. 123, p. 368; Laws of 1935, p. 541;) neither provided for its submission, nor was actually submitted to, a referendum, conformably to section 34 of article 4 of our constitution. So far as relevant to tax rate limitations for cities and villages of more than 150,000 population, the amendatory act provides that the aggregate amount of taxes levied for corporate purposes for the year 1936 and subsequent years shall not exceed the rate of 1.29 per centum or the rate that will produce, when extended, the sum of $37,000,000, whichever may be greater. Objections were also interposed to (1) an item of $250,201 on the ground that the levy was made solely upon the authority of "An act to provide for the creation, setting apart, maintenance, and administration of a laborers' and retirement board employees' annuity and benefit fund in cities having a population exceeding two hundred thousand (200,000) inhabitants," (Laws of 1935, p. 373,) effective July 1, 1935; (2) a second item of $225,181, levied in conformity with "An act to provide for the creation, setting apart, maintenance and administration of a Municipal Court and Law Department Employees' Annuity and Benefit Fund in cities having a population of more than two hundred thousand (200,000) inhabitants in which any Municipal Court has been or shall be established and maintained in accordance with law," (Laws of 1935, p. 434,) in force July 8, 1935, and (3) a third item of $37,530, levied pursuant to "An act to provide for the creation, setting apart, maintenance and administration of a Board of Election Commissioner's Employees' Annuity and Benefit Fund in cities having a population of more than two hundred thousand (200,000)

inhabitants in which any Board of Election Commissioners is functioning in accordance with law," (Laws of 1935, p. 304,) effective July 8, 1935. The objector insists that the three last named statutes are also void because they do not provide for their submission, and were not submitted, to a referendum and, accordingly, afford no basis for the levy of taxes.

Section 34 of article 4 of our constitution, namely, the amendment adopted on November 8, 1904, so far as pertinent, provides that the General Assembly shall have power, subject to the conditions and limitations therein contained to pass any law (local, special or general) providing a scheme or charter of local municipal government for the territory embraced within the limits of the city of Chicago. The law or laws so passed, the amendment also declares, may provide for the assessment of property and the levy and collection of taxes within the city for corporate purposes in accordance with the principles of equality and uniformity prescribed by the constitution. Further, the amendment provides that the legislature may pass all laws which it may deem requisite effectually to provide a complete system of municipal government in and for Chicago. No law based upon this amendment, affecting the municipal government of the city, it is ordained, shall take effect until consented to by a majority of the legal voters of the city voting on the question at an election.

We have held that the act of July 12, 1935, is not invalid in fixing maximum lump sum limits instead of rate limitations and in applying only to the city of Chicago. (*People* v. *Schweitzer,* 369 Ill. 355.) The objector, the appellant, contends, however, that since this statute and the three pension acts provide for the levy and collection of taxes in Chicago they are necessarily laws "based upon this amendment [section 34 of article 4] to the constitution, affecting the municipal government of the city of Chicago," and could not take effect until consented to by a majority

of the legal voters of the city voting on the question at a referendum, and that levies predicated upon them are, in consequence, void. To sustain the judgment, the collector, the appellee, maintains that a referendum is required only upon those acts which by their terms affect the city of Chicago and cannot affect any other city at any time or under any circumstances. It is true, as appellant urges, that no law based upon section 34 of article 4, affecting the municipal government of Chicago can take effect until such law has been consented to by a majority of the legal voters of the city voting on the issue at an election duly held. (*People* v. *Gill*, 358 Ill. 261; *People* v. *City of Chicago*, 310 id. 534.) Similarly, it is established that the constitutional requirement for the consent of the legal voters does not depend on whether the law is general or special. (*Ptacek* v. *Coleman*, 364 Ill. 618; *People* v. *City of Chicago, supra.*) As we recently observed in *City of Chicago* v. *County of Cook*, 370 Ill. 301: "The net result of section 34 of article 4 is that, so far as the municipal government of the city of Chicago is concerned, it did away with the limitation as to local or special laws, and that of uniformity, and imposed another, that of a referendum." The authorities invoked do not hold, as appellant urges, that every general law which may be applicable to the city of Chicago in common with all cities or with cities and villages of a specified population is ineffective as to Chicago unless approved by its legal voters. The plain, unequivocal language of section 34 of article 4 prescribes that those laws based upon this amendment affecting the municipal government of the city shall take effect only when consented to by a majority of the legal voters at a regular election. Conversely, the mere fact that an act not based upon the amendment may affect the local government of Chicago does not render submission to a referendum necessary. A law may be general and yet operate in a single place where the condition necessary to its operation exists. (*Mathews* v. *City of Chicago*, 342 Ill. 120.)

The acts assailed by the appellant are general laws, and do not purport to be based upon section 34 of article 4 nor to affect only the municipal government of Chicago. Manifestly, the General Assembly may enact legislation affecting the city of Chicago other than by statutes based upon section 34 of article 4.

Illustrative of the character of legislation requiring a referendum is section 25 of the Municipal Court act, as amended in 1931, providing that the fees of petit jurors shall be paid out of the county treasury rather than from the city treasury. This amendment was consented to by a majority of the legal voters of the city at a general election. (*People* v. *Board of Comrs.* 355 Ill. 244.) An amendment to section 56 of the Municipal court act, permitting the city council of Chicago, by a two-thirds vote of its members, upon the recommendation of the judges of the municipal court, by ordinance, to make such changes in or additions to the provisions of the section with respect to costs as may be deemed expedient, was submitted to the legal voters of Chicago at a general election and consented to by them. (*People* v. *Gill, supra.*) Section 57, as amended, providing, in part, that the fees of the clerk and the bailiff of the municipal court in certain criminal and *quasi*-criminal cases shall be paid out of the county treasury, was submitted to a referendum. (*City of Chicago* v. *County of Cook, supra.*) The creation of a municipal court is germane to the establishment of local municipal government in Chicago, the municipal court of Chicago was created under the power granted by the amendment to article 4, and the acts last mentioned, necessarily, were based upon the amendment and affected the municipal government of Chicago. On the other hand, amendments to section 17 of the Municipal Court act passed by the General Assembly in 1919, 1921 and 1923 were void because never submitted to a popular vote. (*People* v. *City of Chicago, supra.*) In short, amendments to the Municipal Court act are ineffective until assented to by a majority of

402

the legal voters of Chicago voting at a general, municipal or special election. It does not follow, as appellant argues, that every act remotely affecting the municipal government of Chicago must likewise be submitted to a referendum.

We hold that the amendment to the constitution, section 34 of article 4, is not a bar to the challenged statutes, and that the General Assembly was empowered to enact them unless restrained by other provisions of the constitution. Appellant does not contend, however, that the acts are vulnerable to any other constitutional inhibition.

The judgment of the county court is affirmed.

*Judgment affirmed.*