(No. 32639.—

EDWARD L. ANTLE *et al.,* Appellants, *vs.* ROY TUCHBREITER *et al.,* Trustees of the State Employees' Retirement System, Appellees.

*Opinion filed March 23, 1953.*

PFEIFER, FIXMER & GASAWAY, of Springfield, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JOHN T. COBURN, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Sangamon County dismissing appellants' complaint challenging the constitutionality of the Social Security Enabling Act of this State.

The Social Security Enabling Act (Ill. Rev. Stat. 1951, chap. 127, pars. 254b-1 to 254b-12,) authorizes the State to enter into a contract with the Federal Security Administrator for the purpose of extending benefits of the Federal Old Age and Survivors Insurance System to employees of the State of Illinois, or of any political subdivision of the State of Illinois, or of any instrumentality whose survivors are not covered by a pension, annuity and benefit, retirement, or similar fund or system created under the law. The appellants brought suit as citizens and taxpayers of Illinois pursuant to the act authorizing suits in equity by taxpayers to restrain the disbursement of public moneys by State officers.

No record was made in the case other than the rulings of the court and the pleadings. No testimony was taken. The pleadings consisted of the plaintiffs' petition for leave to file the complaint, the complaint and the motion to dismiss filed by the trustees of the State Employees' Retirement System which is the administrative body appointed by law as the Social Security Unit of the retirement system. The trial court dismissed the complaint on the ground that the Social Security Enabling Act is a valid and legal enactment and is not unconstitutional for any of the reasons assigned in the complaint and that, therefore, the complaint failed to state a cause of action.

In their brief the appellants diligently raised nine arguments against the constitutionality of the act.

The Social Security Enabling Act provides that the State Agency, defined as the Social Security Unit of the State Employees' Retirement System, is authorized to enter on behalf of the State into an agreement with the Federal Security Administrator for the purpose of extending the benefits of the Federal Old Age and Survivors Insurance System to employees of the State, or of any political subdivision thereof, or of any instrumentality with respect to certain specified services. The agreement may contain provisions relating to coverage, benefits, contributions, effective date, modification and termination of the agreement and administration of the appropriate provisions as the parties shall agree. It further provides that benefits will be provided for employees whose services are covered by the agreement on the same basis as though such services constituted employment within the meaning of the Social Security Act; that the State of Illinois will pay to the Secretary of the Treasury out of the Social Security Contribution Fund certain percentages on wages; that every employee of the State of Illinois whose services are covered by the agreement shall be required to pay for the period of such coverage into the Social Security Contribution Fund, contributions in certain specified percentage amounts; that the contribution imposed shall be collected by deducting the amount of the contribution from wages; that any municipality may by resolution of the legislative body or upon adoption by referendum as provided by the act, elect to have municipal employees, whose services are not covered by a pension, annuity and benefit, retirement or similar fund or system created by law, covered by the act; that the governing body of any municipality which elects to. come under the provisions of the act is authorized and empowered to increase its annual tax levy above the limitations now or hereafter imposed by law to meet the cost of participation in the Federal Old Age and Survivors Insurance System; that any township which elects to come under

the provisions of the act is authorized and empowered to levy a tax to meet the cost of participation in the Federal Old Age and Survivors Insurance System; that an instrumentality which does not have a governing body as defined in the act may by resolution of its board or authority elect to have employees covered by the system; that under certain described conditions the plan may be terminated by either the State Agency or the political subdivision; that the political subdivisions or instrumentalities pay contributions into the Social Security Contribution Fund, which is established by the act as a special fund; and an appropriation of $110,000 is made for the purpose of administering the provisions of the act, or so much thereof as is necessary to carry out the provisions.

The first contention of the appellant is that the Social Security Enabling Act violates section 20 of article IV of the Illinois constitution which provides, "The state shall never pay, assume or become responsible for the debts or liabilities of, or in any manner give, loan or extend its credit to or in aid of any public or other corporation, association or individual."

The argument here is that under the termination provision of the act, the State of Illinois must, for a minimum period of seven years, be liable to make the payments for all participating political subdivisions or instrumentalities even if they should not make their payments to the State. For the general proposition of law involved, the appellants cite *Chicago Motor Club* v. *Kinney,* 329 Ill. 120. Reducing the act in the instant case to its basic essentials, it is an act which provides for a pension. Once this is in our minds it is apparent that *Krebs* v. *Board of Trustees,* 410 Ill. 435, sustaining the provisions of the School Code establishing the Teachers' Retirement System, is applicable. That case specifically and explicitly held that those provisions did not violate section 20 of article IV of our constitution even though they created an obligation to pay recipients of the

pensions sums in excess of the amount paid in by way of contributions. In other words, that case upheld the pension even though the pension had to be paid from public funds. We cannot see any difference in the requirements of the instant act and those of the School Code in the *Krebs case*.

Appellants then argue that the Social Security Enabling Act violates section 2 of article II of the Illinois constitution and section 1 of the fourteenth amendment to the United States constitution, saying that it is a violation of the due-process clauses of both. The point similar to that in the first contention is that under section 2.4 of the Social Security Enabling Act the inclusion of an instrumentality which has no power to levy taxes is authorized. This in turn, the appellants contend, means that contributions by such an instrumentality cannot be enforced. They then argue that an instrumentality without taxing power, which could elect to come under the act, thereafter could be unable or unwilling to make any contributions but would have to remain under the act for the seven-year period. This contention is met in this court by *People ex rel. Schlaeger* v. *Jarmuth,* 398 Ill. 66. The agency involved in that case was the Municipal Employees' Retirement Board, an instrumentality created by the statute, but the tax involved was imposed by the city council. The power to tax is, therefore, not necessary to the constitutionality of the act.

The appellants then argue that the Social Security Enabling Act violates article III of the Illinois constitution. This provides "The powers of the government of this state are divided in three distinct departments—the legislative, the executive and judicial; and no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as heinafter expressly directed or permitted." They argue that inasmuch as the termination provisions do not provide for the disposition of contributions made prior to termination of the participation of any participant, the act is not

definite enough to serve as a guide for those who have a duty to administer it, and fails to advise participants of their rights under the act. The appellants cite for the general proposition of law *People ex rel. Christensen* v. *Board of Education,* 393 Ill. 345, and *People ex rel. Duffy* v. *Hurley,* 402 Ill. 562. We cannot agree with this contention. By this act and the agreement with the United States government, the participants here are also participants under the national Social Security Act. These two acts together are sufficiently clear to advise participants of their rights thereunder and of the duties required of them.

Appellants next contend that the Social Security Enabling Act violates section 9 of article IX of the Illinois constitution which reads: "For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." The argument here is that the act, in section 9, provides that the political subdivision or instrumentality shall reimburse the State Agency for its monthly prorata share of the total expenses as determined by the State Agency and, under section 7, each participant political subdivision shall pay into the contribution fund such amounts as are specified in the agreement into which the State has entered with the Federal Security Administrator. It then provides in section 5 that the governing body of any municipality electing to come within the act may levy an annual tax to meet the cost of participation. Appellants contend the tax covering both the expenses and participation is not determined by the authorities under these sections nor is it imposed by the legislature but is instead determined by the State Agency. They cite *People ex rel. Gallenbach* v. *Franklin,* 388 Ill. 560, which holds that the legislature may not empower anyone other than the corporate authorities to impose a debt or liability upon a city which requires a resort to

taxation to remove it. In that case the estimate of the amount required was the result of the thinking of two boards. The case is not applicable here. As the State in its argument points out, section 9 of article IX is an inhibition for taxation for local corporate purposes. The legislation before us serves a general public purpose arising from the interest of the State in the future security of public employees. In *People ex rel. City of Chicago* v. *Board of County Comrs.* 355 Ill. 244, we held that the General Assembly may compel a municipal corporation to perform any duty which relates to the general welfare and security of the State although the performance of the duty will create a debt to be paid by local taxation.

The appellants then assert that the Social Security Enabling Act violates section 17 of article IV of the Illinois constitution providing "No money shall be drawn from the treasury except in pursuance of an appropriation made by law, and on the presentation of a warrant issued by the auditor thereon." They argue that section 8 of the act provides that all money paid by participating units as employee-employer contributions and all moneys paid for administrative expense shall be paid into a special fund in the State Treasury and shall be withdrawn upon warrants and that the only appropriation made by the legislature is in section 9 of the act which applies to administrative purposes. They point out that there is no appropriation for payments by the State to the Secretary of the Treasury for contributions of participants. To support this argument the appellants cite *People ex rel. City of Chicago,* v. *Barrett,* 373 Ill. 393, wherein it was held that the motor fuel tax fund once it is paid into the State Treasury may not be paid out without an appropriation unless it be a fund derived from a source provided by law on a vote of the people authorizing the debt which it is to pay. This argument cannot stand in the face of our holding in *Fergus* v.

*Russel,* 270 Ill. 304, wherein we held that where a statute categorically commands the performance of an act, so much money as is necessary to pay the command may be disbursed without explicit appropriation.

Appellants next argue that the Social Security Enabling Act violates section 18 of article IV of the constitution, which relates to the necessity of the General Assembly providing for all appropriations necessary for the ordinary contingent expenses of the government and all appropriations general or special requiring money to be paid out of the State Treasury from funds belonging to the State. They then argue that no appropriation was provided by the legislature. They say that even had an appropriation been made it would have been invalid, inasmuch as the minimum period of time, under the cancellation provisions, for which an appropriation would have to be valid would be seven years. The longest time under our constitution for which an appropriation could possibly be valid is a period of two years and nine months. It would seem, as the State suggests, that the arguments against the last previous contention of the appellants are applicable here. The performance of the contract with the United States government requires mandatory action and there is no provision for any discretion on the part of any person. Legislative appropriation action is not necessary. Under these circumstances, we can see no infraction of the constitution as argued by appellants here.

The appellants next contend that the Social Security Enabling Act violates section 8 of article IX of the constitution which provides: "County authorities shall never assess taxes, the aggregate of which shall exceed 75 cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by vote of the people of the county." They cite *People ex rel. Graff* v. *Wabash Railroad Co.* 286 Ill. 15, for the

general proposition. They then argue that many counties in Illinois today assess taxes at the maximum permitted under the constitution and in such cases additional taxes required by this act will exceed the amount authorized under the constitution.

In *St. Hedwig's Industrial School for Girls* v. *County of Cook,* 289 Ill. 432, we held that limitations on the power to tax are not limitations on the power to contract indebtedness. We find no allegations and no argument by the appellants that the tax here is excessive or will result in exceeding the debt limitation. These allegations and arguments are essential to raise the contention. *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24.

Appellants argue the Social Security Enabling Act violates section 12 of article IX of our constitution which, in the pertinent part, is as follows: "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness." They then argue that many political subdivisions in our State have at the present time reached their debt limitation under the constitution, or are fast approaching it, but once a political subdivision elects to participate in the program it must remain for a minimum period of seven years. They cite *Evans* v. *Holman,* 244 Ill. 596, wherein we held that an agreement by a village to pay a specified sum annually for arc lights during a specified period constituted an indebtedness for the whole amount and was illegal if in excess of the constitutional limit. It is our opinion that this argument also is without merit because of our decision in *People* v. *Board of County Comrs.* 355 Ill. 244, regarding general public purpose. In *Evans* v. *Holman,* the question involved a purely local situation.

Lastly, the appellants argue that the act is illegal and void in that it makes no provision for contributions by the State for State employees. Again, the ruling in *Fergus* v. *Russel,* 270 Ill. 304, covers the situation. Where a statute categorically commands the performance of an act, so much money as is necessary to obey the command may be disbursed without any explicit appropriation. The command here is for the State to match the payments of the employee.

We have considered the argument of the appellants at some length because of the number of arguments raised under our constitution. As the State definitely points out in its answer to the arguments of appellants, the instant legislation constitutes a contract between the State and the United States Government. The authority of our State to make that contract is derived from the constitution of the United States and cannot be inhibited by any provision of the constitution of the State of Illinois. Article VI of the constitution of the United States, the supremacy clause, provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." In *Dyer* v. *Sims,* 341 U.S. 22, it was held that a State could not assert its own constitutional provisions to invalidate contracts with other States. This being true, we fail to see where the State of Illinois can deny, on the grounds of its own constitution, its contracts with a higher authority. This answer to the arguments of appellants takes precedence over any of the particular decisions on the contentions of appellants.

For the reasons stated herein, the decree of the circuit court of Sangamon County is affirmed.

*Decree affirmed.*