(No. 84-CC-1304-)

Board of Trustees of Community College District No. 508, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed May 25, 1984.*

F. Anne Zemek, for Claimant.

Neil F. Hartigan, Attorney General (Kathleen O'Brien, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim has been brought by the Board of Trustees of Community College District No. 508 for reimbursement of an Illinois MIA/POW scholarship on behalf of one Angela Lockridge in the amount of $204.00. The Claimant alleged that demand for payment from the Respondent's Department of Veterans' Affairs was made but that its demand was refused on the grounds that the appropriation from which payment was to have been made had lapsed.

The claim is before the Court on the Respondent's motion to dismiss and the Claimant's motion for summary judgment.

The motion to dismiss states that previous claims have exhausted the lapsed balance in the appropriation from which this claim should have been paid and that the Court of Claims has no authority to grant an award in cases where the balance of the appropriation remaining is insufficient to pay the claim. Attached to the motion as Exhibit A was a departmental report compiled by the Department of Veterans' Affairs which, pursuant to Rule 14 of the Rules of the Court of Claims, is *prima facie* evidence of the facts contained therein. The departmental report states that the claim was not paid because it was received by the department after the lapse period. It supports the Respondent's position that insufficient funds lapsed from which payment could have been made. Seventy-five dollars lapsed against which a prior claim for $51.00 has been made. It does appear from the

report, and we so find, that $24.00 of lapsed money could be applied toward payment of this claim.

The Claimant's motion for summary judgment asserted the following:

"3. POW/MIA Scholarships are granted to the eligible children of Illinois' Veterans pursuant to Chapter 122 Paragraph 30—14.2 of the Illinois Revised Statutes without regard to the amount appropriated for such purposes, because such scholarships are awarded according to eligibility and qualification. A qualified individual must begin using the scholarship prior to his or her twenty-sixth birthday, and then has a maximum period of twelve years after the first initial use to complete his or her education. Because POW/MIA scholarships remain open for such an extended period of time, the State is unable to anticipate the amount necessary to appropriate for this expense. Appropriations are therefore based on the amounts used over the previous fiscal year, with the consequence that occasionally insufficient funds are appropriated and a shortfall occurs.

4. The statute (Ill. Rev. Stat. ch. 122, par. 30—14.2) which awards MIA/POW scholarships states in part:

'Any (person) shall, upon application and proper proof, be awarded a POW/MIA scholarship. . . The holder of an MIA/POW Scholarship. . .shall not be required to pay any. . .fees. The amounts that become due to any state supported Illinois institution of higher learning shall be payable by the Comptroller to such institution. . .'

5. The statute awarding MIA/POW Scholarships is a statute which categorically commands the performance of an act (i.e., the granting and payment of scholarships) because the scholarship holder cannot be held liable (Illinois Attorney General's Opinion S—1333 issued January 26, 1978) and the statute provides that the Comptroller must reimburse the school.

6. Where a statute 'categorically commands the performance of an act, so much money as is necessary to pay the command may be disbursed without explicit appropriation' *Tutle v. Tuchbreiter* (1953), 414 Ill. 571, 581.

7. Illinois Court of Claims case law supports the proposition that where the state is unable to anticipate the amount necessary to appropriate for an expense, and such an expenditure is one required of the state by statute, the Court must make an award to Claimant even if the appropriation for the expenditure has already been expended. *Higgins v. Illinois* (1973), 28 Ill. Ct. Cl. 392, 393.

8. Claimant respectfully submits that because the statute awarding the scholarship is a categorical command for payment, Section 30 of the Act in Relation to State Finance (Ill. Rev. Stat. (1981), ch. 127, par. 166) as cited by Respondent is inapplicable.

9. There are no factual disputes with regard to matters contained in the complaint. The Department of Veterans' Affairs report indicated that were it not for the lapsed appropriation, Claimant would be paid in full.

10. The State Finance Act (Ill. Rev. Stat., ch. 127, par. 166) states in part:

'§30 No officer, institution, department, board, or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, *unless* expressly authorized by law.'

11. Claimant respectfully submits that its claim is one which is expressly authorized by law as set forth in Paragraphs 4 and 5 of this Motion, and should therefore be paid in full, regardless of the lapsed appropriation."

We are of the opinion that section 30—14.2 of the School Code (Ill. Rev. Stat., ch. 122, par. 30—14.2) does not "categorically command" and "expressly authorize" the payment by the Respondent for the scholarships. The first sentence of the last paragraph of that section provides that "The benefits . . . (described in that section) . . . shall be administered by and paid for out of funds available to the Illinois Department of Veterans' Affairs." Thus the program is limited by law to the extent of funds available to the Department of Veterans' Affairs. As previously pointed out, only $24.00 was available for payment of this claim.

Accordingly, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $24.00.