(No. 11216.—Judgment affirmed.)

THE BOARD OF ADMINISTRATION OF THE STATE OF ILLINOIS, for use of Watertown State Hospital, Plaintiff in Error, *vs.* J. H. MILES, Admr., Defendant in Error.

*Opinion filed April 19, 1917.*

1. CONSTITUTIONAL LAW—*when a law giving arbitrary power to administrative officers is unconstitutional.* Any law which vests in the discretion of administrative officers the power to determine whether the law shall or shall not be enforced with reference to individuals in the same situation, without any rules or limitations for the exercise of such discretion, violates the constitutional provisions against depriving persons of liberty or property without due process of law and against the granting of exclusive privileges or immunities.

2. SAME—*section 23 of act of 1912, revising the law in relation to charities, is unconstitutional.* Section 23 of the act of 1912, revising the law in relation to charities, (Laws of 1911-12, p. 66,) which provides how the State may be reimbursed for the support of inmates of hospitals for the insane, is unconstitutional in granting to the State Board of Administration arbitrary power to release or modify the payment from the estates of patients "in any case where the circumstances may justify it" and in giving a special immunity to estates of patients who have been discharged from the hospital during their lifetime.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, P. J. LUCEY, GEORGE P. RAMSEY, and C. W. MIDDLEKAUFF, (F. HARRISON PARTRIDGE, of counsel,) for plaintiff in error.

WINGERT & WINGERT, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question to be decided in this case is whether section 23 of "An act to revise the law in relation to charities," approved June 11, 1912, (Laws of 1911-12, p. 66,)

is constitutional or not. The Board of Administration, for the use of the Watertown State Hospital, presented a claim against the estate of William O'Brien for his support in the Watertown hospital from October 1, 1911, until his death, on May 13, 1915, which was disallowed. On appeal to the circuit court of Carroll county the claim was again disallowed, for the reason stated that the statute under which it was filed was held to be unconstitutional. The Board of Administration has brought up the record for review.

Other questions than the constitutionality of the section in question have been argued, but the decision of that question is decisive of the case and therefore the other questions will not be mentioned.

Before the passage of the act of 1912 insane persons admitted to any State hospital for the insane were maintained and treated at the expense of the State and no charge was made against them, except the cost of clothing, transportation and other incidental expenses not constituting any part of their maintenance or treatment. (Hurd's Stat. 1911, chap. 85, sec. 15.) Section 23 of the act of 1912 is as follows:

"Sec. 23. *Support of Inmates—Reimbursement.*) The total cost of the support of inmates of State hospitals for the insane shall be a charge against the estates of patients or their conservators or against the relatives of such patients who would be liable for the support of the persons of such inmates under an act entitled 'An act to revise the law in relation to paupers,' approved March 23, 1874, if they were not inmates of such hospitals, or against the friends of such inmates who may be willing to assume such support. Such support shall include the cost of clothing, transportation and other incidental expenses and the proper proportion of the cost of maintenance, treatment and necessary repairs and improvements: *Provided,* the amount required to be paid out of the estate of any such patient or

the conservator thereof shall not exceed the reasonable annual income from the estate of the patient aforesaid during the lifetime of any such patient and the compensation of the conservator, of any such patient shall not exceed six per cent per annum of said income: *And, provided, further,* the Board of Administration may, in its discretion, release or modify the payment of all or any part of such income for said support in any case where the circumstances may justify it, and upon the death of any such patient while an inmate of a State hospital for the insane it shall be the duty of said board to file a claim against the estate of the deceased patient for all the balance of the unpaid support given for the entire term such deceased patient was an inmate of any State hospital for the insane, and it shall be the duty of the court in which such claim is filed to allow the same and direct its payment in due course of administration. In case such patient has no estate from which such support may be collected or annual income used as herein provided, and in case no friend is willing to and does pay such cost of support, the cost of support shall be recovered from the relatives chargeable therewith in the manner provided by an act entitled, 'An act to revise the law in relation to paupers,' approved March 23, 1874. The board may appoint an agent whose duty it shall be to enforce the provisions of this section. The compensation of each agent shall not exceed five dollars per day and the necessary traveling and other incidental expenses actually incurred by him."

The first two sentences of the section down to the proviso indicate a change in the policy of the State in regard to the cost of maintenance and treatment of inmates of the insane hospitals of the State by making them and their estates liable for the total cost of their support and treatment as well as the expenses which they were required to defray before the passage of the act of 1912. The right

of the State to require the patients in State hospitals for the insane to be supported out of their own estates is not questioned, but it is insisted that the method by which this is sought to be accomplished by the section in question is unconstitutional.

Section 2 of article 2 of the constitution provides that no person shall be deprived of life, liberty or property without due process of law, and this requires that his property shall not be subjected to any liability except by a law which operates equally upon all other persons in the same situation. Section 22 of article 4 prohibits the grant to any corporation, association or individual of any special or exclusive privilege, immunity or franchise whatever, and this forbids the granting to any person of an exemption from liability which is imposed upon other persons in the same situation. The first proviso of the act directs that the amount required to be paid out of the estate of any patient shall not exceed the reasonable annual income from the estate during the lifetime of such patient, and the second proviso authorizes the Board of Administration, in its discretion, to release or modify the payment of all or any part of such income for said support in any case where the circumstances may justify it. There is nothing in the proviso to indicate under what circumstances the Board of Administration might consider itself justified in releasing or modifying any payment, and no rules are given for the guidance of the Board of Administration in this matter. It is left entirely to the discretion of the board to require or to release payment, uncontrolled by any expression of the legislature as to what principles should govern in determining its action. This is purely arbitrary. It leaves the board to determine at will that one patient shall pay, and that another, under the same circumstances, need not pay or need not pay so much. Any law which vests in the discretion of administrative officers the power to determine whether

278 — 12

the law shall or shall not be enforced with reference to individuals in the same situation, without any rules or limitations for the exercise of such discretion, is unconstitutional. The purpose of the constitutional provision is to protect every citizen in his personal and property rights against the arbitrary action of any person or authority, and a statute which subjects any person's rights to the discretion of an officer, without any rules or provisions of law to control the officer, violates such constitutional provision. *People* v. *Vickroy,* 266 Ill. 384; *Moore* v. *Mayor of Danville,* 232 id. 307; *Sheldon* v. *Hoyne,* 261 id. 222; *Noel* v. *People,* 187 id. 587.

The second proviso requires the Board of Administration, upon the death of a patient while an inmate of a State hospital for the insane, to file a claim against his estate for all the balance of the unpaid support given for the entire term such patient was an inmate of any State hospital for the insane. This proviso operates unequally upon persons who have been inmates of State hospitals for the insane and grants a special immunity to those who have been discharged in their lifetime. If a patient has been an inmate of a State hospital for a number of years and his income has been insufficient to pay for his support, in case of his death while an inmate his estate must be charged for the full cost of his maintenance and treatment during all the time he has been a patient. There is no authority to relieve it from any part of the liability. If another patient, having an exactly equal income and property of the same value, has been an inmate of the same hospital for the same length of time and died on the same day but was discharged from the hospital before his death his estate would be liable for nothing. If he were discharged and did not die he would be liable for nothing. There is no valid basis for such discrimination. The circumstance of a discharge or the occurrence of death before or after discharge from the hospital has no reasonable relation to the liability of the de-

ceased for his previous support and treatment while in the hospital.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting.