(No. 23765.—

DENNIS M. MALLOY *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed February 12, 1937—Rehearing denied April 7, 1937.*

SAMUEL A. & LEONARD B. ETTELSON, (SAMUEL A. ET-
TELSON, EDWARD C. HIGGINS, and CARL J. APPELL, of
counsel,) for appellants.

BARNET HODES, Corporation Counsel, QUIN O'BRIEN,
ALEXANDER J. RESA, and CARL HJALMAR LUNDQUIST, for
appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a petition for *mandamus* in the superior
court of Cook county against the city of Chicago and divers
officials thereof, to compel the re-instatement of appellants
to their positions in the police and fire departments of that
city, from which they had been involuntarily retired through
the Policemen and Firemen Retirement act, adopted June
19, 1935, (State Bar Stat. 1935, chap. 24, par. 725,) and
an amendment to section 12 of the Civil Service act for
cities adopted on the same day. State Bar Stat. 1935,
chap. 24, par. 697.

Other than the usual jurisdictional averments of a pe-
tition of this character, the charge of the petition is that
the Policemen and Firemen Retirement act, and the amend-
ment to section 12 of the Civil Service act for cities, are
unconstitutional and void. The prayer of the bill is, that
the defendants, and each of them, so far as their duties are
prescribed by law, shall do all acts necessary to bring about
the re-instatement of the petitioners. A motion was filed
by the defendants to dismiss the petitions for insufficiency
in law. This motion was allowed. Appellants bring the
cause here on direct appeal, because the validity of a statute
is involved.

The ground on which the Policemen and Firemen Re-
tirement act is attacked is that it is incomplete, in that it
delegates to the heads of the police and fire departments
power to determine who shall be retired, but establishes no
rule or criterion to guide their action, and so makes the
tenure of civil service employees in those departments de-

pendent upon the whim or caprice of the heads of the departments. It is contended also that section 12 of the Civil Service act, as amended, is invalid because, (1) it discriminates against policemen and firemen, and (2) because it attempts to interfere with the courts by declaring what shall constitute conclusive evidence. The appellees have called attention to many alleged defects in the petition but the main question concerns the validity of these statutory provisions. Without considering, in detail, the objections to the sufficiency in form of the petition, it is enough to say that the petition sufficiently sets out the questions concerning the validity of these acts.

By section 1 of the Policemen and Firemen Retirement act it is provided that, in cities having a population exceeding 200,000 inhabitants, policemen or firemen who have attained the age of sixty-three years "shall be retired from active service upon the order of the head of the police or fire department of such city, as the case may be." Section 2 defines the terms "policeman," "fireman," "retire" and "retirement." Section 5 is as follows: "No such policeman or fireman in the service of such city who has attained the age of sixty-three (63) or more years or who, on or before December 31, 1935, shall attain the age of sixty-three (63) years shall be retired under this act or under any ordinance authorized by this act prior to December 31, 1935, but shall be retired on said date if so ordered by the head of the department concerned. After December 31, 1935, the policeman or fireman concerned shall be retired upon his attainment of the designated retirement age if so ordered by the head of his department." The objection to this act is that it is incomplete and leaves the retirement of policemen and firemen to the whims of the heads of these departments without rules to guide their action. It has frequently been held by this court that, while the method and manner of enforcing an act of the General Assembly must, of necessity, be left to the reasonable discretion of administrative

officers, yet a statute which vests in such officers a discretion, not only as to the administration of the act but also to determine what the law is, or to apply it to one and refuse its application to another in like circumstances, is void, as an unwarranted delegation of legislative authority. *People* v. *Yonker,* 351 Ill. 139; *Welton* v. *Hamilton,* 344 id. 82; *Kenyon* v. *Moore,* 287 id. 233; *Board of Administration* v. *Miles,* 278 id. 174.

Counsel for appellees argue that consideration of section 12 of the Civil Service act for cities, as amended June 19, 1935, shows that no discretion is vested in the heads of the departments as to the retirement of policemen and firemen, but that they are bound by the provisions of that act, as well as by the Policemen and Firemen Retirement act, to retire all policemen and firemen when the conditions of those acts are met. They invoke the well-known rule that statutes of this character should be read together. Section 12 of the Civil Service act for cities, as amended, provides that officers or employees of the classified civil service of any city, who have been appointed under the rules of the Civil Service Commission and after examination, shall not be removed or discharged except for cause upon written charges, except as in section 12 provided. The amendment of that section of June 19, 1935, provides: "Whenever the city council of any city in which this act is in operation, shall designate by ordinance, or whenever any general law of the State shall designate any specific age of not less than sixty-three (63) years as the maximum age for legal employment of policemen or firemen in the service of any city which has adopted or shall adopt this act, or shall designate any minimum age for the automatic or compulsory retirement of policemen or firemen in the service of such city, any such policeman or fireman to whom such ordinance or law may refer or apply upon attaining said designated age of sixty-three (63) years or upwards, as set out in said ordinance or law, shall forth-

with and immediately be retired from the service of such city in accordance with the terms or provisions of such ordinance or law." This section, as amended, then sets out the duty of the Civil Service Commission of such city to discharge or retire automatically any such policeman or fireman in the classified civil service "at the time and in the manner provided in such ordinance or law," and to certify such retirement to the proper branch or department.

It is conceded that no ordinance has been adopted by the city of Chicago such as is contemplated in section 12 just quoted from. It is also conceded that the Policemen and Firemen Retirement act of 1935 applies to appellants. It will be observed that under section 12, as amended, when policemen or firemen attain the age of sixty-three years or upwards, it shall be the duty of the Civil Service Commission to discharge or retire them "at the time and in the manner provided in such ordinance or law." If, as the appellants contend, the Policemen and Firemen Retirement act provides that such retirement shall be upon the order of the head of the department, then the language "at the time and in the manner" provided in such law, limits the power of the commission in retiring a policeman or fireman, except as such retirement shall be provided in a general law, which the Policemen and Firemen Retirement act is conceded to be. Therefore, if the latter act is incomplete and delegates discretion to the heads of the police and fire departments to determine to whom the law shall apply among those in the same situation, and we think it does, it is invalid as incomplete and as an unwarranted delegation of power to the heads of the police and fire departments. We are of the opinion that the Policemen and Firemen Retirement act is invalid, and is not saved by the provisions of section 12 of the Civil Service act for cities.

Counsel for appellants say that section 12 of the Civil Service act for cities is invalid for the reason that it attempts to determine what shall constitute conclusive proof,

contrary to the oft-expressed decisions of this court and other courts. The provision objected to is as follows: "In the case of any such policeman or fireman who shall have filed an application for appointment in the classified civil service of such city the age stated in such application shall be conclusive evidence against such policeman or fireman of the age of such policeman or fireman, but the Civil Service Commission may hear testimony and consider all evidence available in any case in which any charge is filed against any such policeman or fireman alleging that such policeman or fireman understated his age in such application for appointment into said classified civil service." The objections to this provision are that, (1) it attempts to infringe upon judicial functions in declaring what shall be conclusive evidence, and, (2) it authorizes the commission to hear any kind of evidence but binds a policeman or fireman by the statement of his age in his application. It will be observed it is only when charges have been brought against such policeman or fireman that he has understated his age, that the commission may hear any evidence at all. That is the only hearing provided for in this connection. In the absence of such charges no evidence is heard by the commission. The only charge contemplated by this provision is that a policeman or fireman has understated his age. Such policeman or fireman has, of course, a right to refute such charge by any evidence which would prove that he did not understate his age. The provision of the act that his statement of age in his application shall be conclusive evidence of his age, was clearly intended to provide that when an applicant for the position of policeman or fireman states his age under oath, as he is required to do, he will not be permitted to later say that such statement is not true. We are therefore of the opinion that this provision does not come within the rule prohibiting the legislative department from declaring what shall be conclusive evidence in a lawsuit, but rather within the general rule

that having induced others to act upon his statement as to his age, the applicant is precluded from later changing it. Many such provisions appear in the statutes and are to be considered more in the nature of an estoppel than a rule of evidence. We are of the opinion that this objection to the Civil Service act for cities, as amended, cannot be sustained, but for reasons here indicated we are of the opinion that the Policemen and Firemen Retirement act is invalid.

Other objections to the sufficiency of the petition have been considered but we do not deem them valid. Appellees should answer the petition.

The judgment of the superior court of Cook county dismissing the petition is reversed, and the cause is remanded to that court, with directions to require the defendants to answer. *Reversed and remanded, with directions.*