(No. 25476.—)
JAMES S. WINNER, Appellant, *vs.* DOROTHY KADOW, Appellee.

*Opinion filed February 21, 1940.*

JOHNSON, JOHNSON & JOHNSON, MORT D. and FRANK GOLDBERG, and EWART HARRIS, (VOYLE CLARK JOHNSON, of counsel,) for appellant.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, James S. Winner, is engaged in the business of making dental plates, under the name of West Dental Factory. He received from Dorothy Kadow, appellee, a judgment note for $25 in payment of a dental plate made for her, and upon non-payment confessed judgment in the municipal court of Chicago. A motion was made to vacate the judgment and an answer was filed charging that the making, furnishing and selling to appellee constituted the practice of dentistry contrary to statute, which made the consideration for said note illegal. The case was tried upon a stipulation of facts. The court held the defense good, vacated the judgment, held the note was void and rendered judgment in favor of the defendant. Appellant has appealed directly to this court on the ground that the constitutionality of section 5 of the Dental Practice act (Ill. Rev. Stat. 1939, chap. 91, par. 60) is involved.

The pleadings and stipulation show that the plaintiff was not a licensed dentist; that on July 31, 1939, and for some time prior thereto, he had been the owner of a dental laboratory, making and selling dental plates in Chicago to users who had employed a licensed dentist to take the re-

quired impression and fit and adjust the plates. On July 26, 1939, appellee called at the office of Dr. Peterson, a licensed dentist and employed him to make an impression of her mouth for the purpose of having an upper plate constructed. The dentist took the impression and appellee paid him the fee charged. Appellee then directed appellant to construct such plate from the impressions furnished by the dentist. When it was completed, appellant transmitted it to the dentist at appellee's request. It was fitted by such dentist, taken and used by appellee and has proved satisfactory. It is further stipulated that appellant did not advise, prescribe or tell the defendant anything about the nature or kind of denture required and did not fit the same to the mouth of appellee in any way; that the plaintiff and defendant agreed that the plaintiff would furnish the material and render the services necessary for the construction of the upper plate from the impressions furnished by the dentist for the sum of $25, and that after appellee had been fitted with the completed denture she signed a judgment note payable to the order of the plaintiff for $25.

Section 5 (paragraph 60) of the Dental Practice act, *supra,* provides: "A person practices dentistry within the meaning of this act * * * (9) who furnishes, supplies, constructs, reproduces or repairs, or offers to furnish, supply, construct, reproduce or repair prosthetic dentures (sometimes known as plates) bridges or other substitutes for natural teeth, to the user or prospective user thereof." The same section further provides: "The following practices, acts and operations however are exempt from the operation of this act: * * * (f) The making and repairing of prosthetic dentures * * * upon order or prescription given by a licensed and registered dentist and constructed on, or by the use of, casts or models made from impressions taken by a licensed and registered dentist; provided, that such prosthetic or orthodontic appliances, or the services rendered in the construction, repair or alteration thereof

shall not be offered for sale, or use, or delivery to the public. And provided further that such prosthetic or orthodontic appliances shall not be placed or adjusted in the oral cavity except by licensed and registered dentist." The violation of law charged by appellee is the making, furnishing and offering to sell and selling to appellee the dentures made in the manner above.

An understanding of what is included and excluded by the statute becomes simpler when we examine the whole act. Paragraph 60, *supra,* sets forth in ten separate sub-paragraphs matter which constitute the practice of dentistry, of which the one set forth above is number 9. The same paragraph enumerates six practices including the one above designated "f" which are "exempt from the operation of this act." These practices constitute exceptions to which the remaining parts of the act do not apply. While exceptions in a statute are to be strictly construed, they must be read and applied so as to accomplish the purpose of the law. (*People* v. *Hughes,* 370 Ill. 255.) The general purpose disclosed by paragraph 60, *supra,* is to have dentistry include the making of dental plates and appliances, but still to permit anyone not a dentist to manufacture or construct them, if he does not make the cast or model or fit the product in the mouth of the patient, and provided such appliances are made from casts or models furnished by a licensed dentist. With this general purpose of the law in view the meaning of the proviso that such appliance shall not be offered for sale, use or delivery to the public, must be determined.

Statutes must, if possible, be so construed as to give effect to each word, clause or sentence in order that no such word, clause or sentence may be deemed superfluous or void. (*People* v. *Flynn,* 265 Ill. 414; *Consumers Co.* v. *Industrial Com.* 364 id. 145.) Likewise, they must be construed so that absurd consequences will be avoided. (*Moweaqua Coal Corp.* v. *Industrial Com.* 360 Ill. 194; *Patterson Pie Co.* v. *Industrial Com.* 335 id. 476.) The

legislative intention, when both the exception and proviso are given effect, is to exempt from the operation of the act the making or repairing of dental plates for that class of persons who have the impressions for the same taken by a licensed dentist and which dental plates, when completed, are fitted by a licensed dentist. When the dental plate is made and fitted in the prescribed manner it is lawfully subject to sale to the person for whom it was fitted. The sales that are not exempted are the ones where the appliances are not made or fitted in the specified manner and, therefore, the statute prohibited sales to anyone except to the person examined or fitted by a dentist. To construe the statute otherwise would produce the absurd and unjust result of permitting appliances to be made upon order, and then forbid the sale to the prospective user or any one else, since the prohibition is broad enough to cover even the dentist who made the cast or fitted the teeth. This is illustrated by *In re Chapman,* 166 U. S. 661, 41 L. ed. 1154, where the statute punishing a witness for refusal to answer "any question pertinent to the inquiry" was construed as not all-inclusive but to mean questions within the jurisdiction of the body for proper action, the court saying: "It is true that the reference is to 'any' matter under inquiry, and so on, and it is suggested that this is fatally defective because too broad and unlimited in its extent; but nothing is better settled than that statutes should receive a sensible construction such as will effectuate the legislative intention and, if possible, so as to avoid unjust or absurd construction." See, also, *Lauowbew* v. *United States,* 144 U. S. 47, 36 L. ed. 340.

It appears from the stipulation of facts, here, that all the requirements of the statute were complied with and, therefore, selling the dental plate to the person ordering it after it had been made and fitted in the manner aforesaid, was a dental practice exempt from the operation of the act. Its sale and delivery then constituted a legal and not an illegal consideration.

This construction of the statute renders it unnecessary to determine whether any constitutional rights of appellant have been infringed. However, the decision of the trial court that appellant could not lawfully sell or receive a note in consideration of the sale of such dental appliances, did involve the constitutional question raised by appellant which gave this court jurisdiction of the cause on appeal (*Bohnert* v. *Ben Hur Life Ass'n,* 362 Ill. 403; *People* v. *Adams,* 351 id. 79; *Brown* v. *Federal Life Ins. Co.* 353 id. 541;) and power to decide the issues, although it is unnecessary to pass upon the validity of the statute.

We are of the opinion that the municipal court erred in rendering judgment for appellee and that, under the stipulation of facts, it should have refused to vacate the judgment. Accordingly, the judgment is reversed and the cause is remanded, with directions to enter judgment for the appellant.

*Reversed and remanded, with directions.*