(No. 34732.—

BERNARD F. JORDAN *et al.*, Appellees, *vs.* METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Appellants.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

DAILY, C.J., and BRISTOW, J., dissenting.

RUSSELL W. ROOT, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, both of Chicago, (THOMAS M. THOMAS, THOMAS F. SCULLY, and DAVID PARSON, of counsel,) for appellants.

MICHAEL F. RYAN, of Chicago, (ROY F. McPARTLIN, JR., of counsel,) for appellees.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This case presents the question of the constitutionality of the 1957 amendment to section 26 of the Chicago Sanitary District Employees' and Trustees' Annuity and Benefit Fund Act, (Ill. Rev. Stat. 1957, chap. 42, par. 382.26,) and the validity of an amendment to rule 11.041 of the civil service board. The legislative amendment is here referred to as the enactment; the act in question, as the Annuity and Benefit Fund Act; and the rule, as the rule.

Plaintiffs, certain classified civil service employees of the Metropolitan Sanitary District of Greater Chicago who have attained, or will shortly attain, the age of 67 years, obtained a declaratory judgment in the superior court of Cook County that the enactment, which provided for compulsory retirement of such employees at age 67 with certain provisions for temporary re-employment, was unconstitutional, and that an amendment to the rule, which added attainment of 67 years of age as cause for discharge from service, was invalid. Defendants, the district, its trustees, the members of the civil service board and trustees of its employees' annuity and benefit fund, by appropriate answer, admitted the allegations of the plaintiffs' pleadings concerning their employment and their status in service, but denied the unconstitutionality of the enactment and the invalidity of the rule. Upon the issues of law presented by the pleadings, the court allowed plaintiffs' motion for judgment, entered judgment in accordance with the prayer of the complaint and issued an injunction permanently restraining defendants from removing or compulsorily retiring plaintiffs under the provisions of the enactment and rule.

The court found the enactment violative of section 2 of article II, article III, and section 13 of article IV of the Illinois constitution; and that the rule transgressed sec-

tion 2 of article II and article III, was contrary to the provisions of section 4.14 of the Sanitary District Act, requiring the existence of cause for removal, (Ill. Rev. Stat. 1957, chap. 42, par. 323.14,) and beyond the rule-making power conferred upon the civil service board by section 4.5. (Ill. Rev. Stat. 1957, chap. 42, par. 323.5.) Defendants appealed directly to this court since the validity of a statute is involved.

The enactment is entitled: "An Act to amend Section 26 of 'An Act to provide for the creation, setting apart, maintenance and administration of a Sanitary District Employees' and Trustees Annuity and Benefit Fund in sanitary districts organized under an Act entitled "An Act to create sanitary districts and to remove obstructions in the Des Plaines and Illinois Rivers," approved May 29, 1889, as amended, and including within their territorial limits two or more cities, villages, or towns having a total population exceeding one million inhabitants,' approved July 7, 1931, as amended." It supplements section 26 as follows: "Any sanitary district employee, other than a trustee, shall be compulsorily retired from service upon attainment of 67 years of age; provided that the corporate authorities of the sanitary district may employ any former employee on a temporary basis after he attains 67 years of age and prior to attainment of 72 years of age if an annual physical examination conducted by a physician designated by such corporate authorities indicates that such employee is physically fit to continue in his employment, and an employee so continued in service on a temporary basis may at his option as provided in Section 15 of this Act make contributions for service rendered prior to 70 years of age." Section 26, both before and after the adoption of the enactment, provided for a service retirement pension for employees retiring from service at age 60, having rendered 5 years of service; for employees retiring at age 55, having rendered 15 years of service; and for employees re-

tiring prior to age 55, having rendered 15 years of service, upon attaining age 55. (Ill. Rev. Stat. 1955 and 1957, chap. 42, par. 382.26.) Section 15 referred to in the enactment was not changed. It heretofore specified and still specifies that an age and service annuity shall be payable for services rendered prior to age 65, and optionally, for services rendered between ages 65 and 70. Ill. Rev. Stat. 1955 and 1957, chap. 42, par. 382.15.

Section 13 of article IV of the Illinois constitution provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." The trial court found that the provisions of the enactment violated this constitutional provision. We have been liberal in our construction of this mandate of the constitution and have held that in order to render a provision of a statute void because its subject is not embraced in its title, the provision must be one which is incongruous or which has no proper connection with the title of the act. (*People ex rel. Ryan* v. *Sempek,* 12 Ill.2d 581, 586; *People ex rel. Coutrakon* v. *Lohr,* 9 Ill.2d 539, 549; *Pickus* v. *Board of Education,* 9 Ill.2d 599, 612.) "Therefore, the constitution is obeyed if all the provisions of the act relate to one subject indicated in the title and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view." (*People ex rel. Brenza* v. *Gebbie,* 5 Ill.2d 565, 587.) If the title of the act amended is set forth in the title of the amendatory act, any provision which might have been inserted in the original act may be incorporated in the amendatory act as within its title. (*Sangamon County Fair and Agricultural Assn.* v. *Stanard,* 9 Ill.2d 267, 273; *Baim* v. *Fleck,* 406 Ill. 193, 198; *Malloy* v. *City of Chicago,* 369 Ill. 97, 101.) The title of the Annuity and Benefit Fund Act is repeated verbatim in the enactment. The provisions of the enactment are neither incongruous nor inconsistent with the other provisions of section 26 or the other sections of the

Annuity and Benefit Fund Act and could have been included in the original legislation had the legislature so desired. The subject of the enactment is compulsory retirement at age 67 with provision for temporary re-employment under certain conditions and for optional contributions to the annuity and benefit fund until the age of 70. We find that the provisions of the enactment are indicated in its title, reasonably connected with it, auxiliary to its object, and that this constitutional requirement is fulfilled.

Neither do we believe that the enactment embraces more than one subject. The term "subject" is comprehensive in its scope, and an act may include all matters germane to its general subject, including the means necessary or appropriate to the accomplishment of the legislative purpose. (*People ex rel. Brenza* v. *Gebbie,* 5 Ill.2d 565; *People ex rel. Gutknecht* v. *City of Chicago,* 414 Ill. 600.) The constitutional requirement seeks to prohibit only the inclusion of discordant provisions which by no fair intendment can be considered as having any legitimate relation to each other. (*People ex rel. Brenza* v. *Gebbie,* 5 Ill.2d 565, 587; *People ex rel. City of Chicago* v. *Board of County Comrs.* 355 Ill. 244, 247.) The provisions of the enactment are all germane to its general subject, are appropriate to accomplish the legislative purpose and have a legitimate relation to each other. Tested by these principles, the act complies with the constitutional mandate and the contention that the act embraces more than one subject is without merit.

The court below also held that the enactment was violative of the following language of section 13 of article IV of the Illinois constitution: "* * * and no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." Plaintiffs urge that the enactment, which purports to amend only section 26 of the Annuity and Benefit Fund Act, actually amends sections 4, 4.5 and

4.14 of the Sanitary District Act; (Ill. Rev. Stat. 1957, chap. 42, pars. 323, 323.5, 323.14;) that these sections should have been inserted at length in the new act; and that failure to do so renders it void.

The Metropolitan Sanitary District of Greater Chicago was established under an act of the General Assembly approved May 29, 1889, as amended, and entitled "An Act to create sanitary districts and to remove obstructions in the Des Plaines and Illinois rivers," (Laws of 1889, pp. 125-137; Ill. Rev. Stat. 1957, chap. 42, pars. 320 *et seq.,*) which provided for the organization of the district, defined its powers and duties, set out the responsibilities of its corporate authorities and provided methods for raising revenue. We here refer to this act as the Sanitary District Act.

In 1931 the General Assembly passed "An Act to provide for the creation, setting apart, maintenance and administration of a Sanitary District Employees' and Trustees Annuity and Benefit Fund in sanitary districts organized under an Act entitled 'An Act to create sanitary districts and to remove obstructions in the Des Plaines and Illinois rivers.' " This act set up a retirement program for the employees of the sanitary district, provided for its administration by a retirement board, specified qualifications for service retirement pensions, set out provisions for return of salary deductions to the resigning or discharged employees and required the proper authorities of the district to furnish the board all information, reports and data concerning employees, needed by the board in the performance of its duties . (Laws of 1931, pp. 479-526; Ill. Rev. Stat. 1957, chap. 42, pars. 382.1-382.60 incl.) We have here referred to this act as the Annuity and Benefit Fund Act.

In 1935, the General Assembly enacted "An Act to amend 'An Act to create sanitary districts and to remove obstructions in the Des Plaines and Illinois rivers,' " approved May 29, 1889, as amended, by adding sections 4.1-4.36 thereto, which created a civil service board, brought

all employees, with certain exceptions, under civil service, provided for a superintendent of employment, for examinations, eligibility lists, and classifications and that civil service employees could be removed or discharged only for cause after a hearing. (Laws of 1935, pp. 744-754; Ill. Rev. Stat. 1957, chap. 42, pars. 323.1-323.36, incl.) Both the Sanitary District Act, the Annuity and Benefit Fund Act, and the amendatory act of 1935 are complete acts as defined by this court. *People ex rel. Thomson v. Barnett,* 344 Ill. 62, 76.

A careful examination of the sections of the Chicago Sanitary District Act alleged to have been amended reveals no violation of section 13 of article IV. Section 4 sets forth the powers and duties of the elected trustees of the district including the power to prescribe the duties and fix the compensation of the superintendent and officers and employees of the district. Section 4.5, one of the sections added by the civil service provisions of the act adopted in 1935, gives the civil service board the power to make rules, provide for examinations, appointments and removals from service. Section 4.14 provides that no employee in the classified service shall be removed or discharged except for cause and after a hearing, specifies the method of conducting hearings, and provides for judicial review. We are unable to say that the enactment, by adding to section 26 the provision for compulsory retirement at age 67, has the effect of amending these sections of the Sanitary District Act. The district trustees and the members of the civil service board have the same powers they formerly possessed and there is nothing in the enactment which modifies or abridges those powers.

The essence of plaintiffs' argument is that the provisions for compulsory retirement at age 67 more logically belong in the Sanitary District Act and that, with the adoption of the enactment, it became necessary to refer not only to its provisions but to the civil service provisions of the Sani-

tary District Act in order to ascertain the rights of employees in the classified service. The civil service provisions of the Sanitary District Act, added by amendment in 1935, and the Annuity and Benefit Fund Act, passed in 1931, together relate to the corporate powers and government of the sanitary district, the method of appointing, promoting, removing and discharging its civil service employees and their retirement. These statutes are *in pari materia* and must be construed together in order to determine the intention of the legislature and give effect to all of their provisions. (*People ex rel. Bell* v. *New York Central Railroad Co.* 10 Ill.2d 612; *People ex rel. Harrell* v. *Baltimore and Ohio Railroad Co.* 411 Ill. 55.) Even if it would have been more logical for the legislature to include compulsory retirement in the civil service provisions of the Sanitary District Act, that does not render the act subject to the objection urged. The constitution does not require the legislature to be strictly logical in its selection of a place for the insertion of amendatory language. The statutes, as presently amended, are complete acts and the provisions of each are consistent with the other. There is no basis for the assertion that the enactment amended the provisions of the Sanitary District Act.

If we assume the enactment amended by implication certain provisions of the Sanitary District Act, this would not render it unconstitutional. Where a law is complete in itself, it is valid although its effect may be to repeal, modify, or amend existing laws by implication. (*Alexander* v. *City of Chicago,* 14 Ill.2d 261, 270; *Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611, 616; *People* v. *Deatherage,* 401 Ill. 25, 42.) It is not necessary, when a new act is passed, that all prior acts modified by it by implication shall be re-enacted and published at length. (*Co-ordinated Transport, Inc.* v. *Barrett,* 412 Ill. 321, 330.) This principle also applies to amendatory legislation when the amendment is within the scope of the title of the act

amended. (*Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611.) The subject of the enactment is within the title of the act amended, and the act, as amended, is complete, and its provisions are not repugnant to section 13 of article IV of the Illinois constitution.

The trial court also held that the enactment was invalid because it unlawfully delegated legislative authority to administrative officers in violation of article III. Plaintiffs urge that this is so because the right to determine which of the sanitary district employees who have reached age 67 shall have the opportunity to continue in service is left to the unguided discretion of the corporate authorities of the sanitary district. They rely principally upon *Malloy* v. *City of Chicago,* 365 Ill. 604, wherein this court decided that a statute providing for the retirement of policemen and firemen at age 63, if so ordered by the head of the department, was invalid because it vested in the officers a discretion, not only as to the administration of the act but also to determine what the law is, or to apply it to one and refuse its application to another in like circumstances. The enactment, unlike the legislation in the *Malloy case,* provides absolutely for the compulsory retirement of the employees involved at a given age. Under its provisions retirement at age 67 is determined not by the action of any administrative official, but by operation of law.

It is well established that the legislature may constitutionally provide a mandatory retirement age for public employees. (*Malloy* v. *City of Chicago,* 369 Ill. 97; *Dodge* v. *Board of Education,* 364 Ill. 547.) In *Malloy* v. *City of Chicago,* 369 Ill. 97, at page 103, in considering the right of the legislature to prescribe a compulsory retirement age, we stated: "We have upheld similar provisions of the School law for the retirement of teachers at the age of sixty-five. Where an office is created by statute it is wholly within the power of the legislature creating it, and the length of term may be altered at pleasure or the office may

be abolished altogether." We conclude that the enactment terminates the civil service tenure of employees who have reached the age of 67 years, although it does not necessarily preclude their further employment by the sanitary district.

In *People ex rel. Akin* v. *Kipley,* 171 Ill. 44, we held the Civil Service of Cities Act, approved March 20, 1895, to be constitutional. (Ill. Rev. Stat. 1957, chap. 24½, pars. 39-77a incl.) We observed at page 65 that: "In this State, when the General Assembly creates a municipal government, it has the power to provide the manner of filling the offices of such government. * * * It may provide for the election of municipal officers by the people, or may authorize any officers or persons to fill the offices by appointment." And, at page 72, we further stated: "The legislature has the power to control the municipalities created by it. Such municipalities must look to the State for such charters of government as the legislature shall see fit to provide; and, while they have a right to manage their own local concerns and choose their own administrative and police officers, yet this right is subject to such exceptions as the legislative power of the State may see fit to make. (Cooley's Const. Lim.—6th ed.—pp. 203, note 227, 231.) Therefore, the legislature may direct how municipal officers shall be elected or appointed by the cities and villages in the State, and how such officers may be removed."

In the exercise of these legislative powers, the General Assembly by the enactment of section 11 of the Civil Service of Cities Act (Ill. Rev. Stat. 1957, chap. 24½, par. 50,) exempted certain officers and employees thereunder from the provisions of that act. Its power to do so has not been challenged.

Plaintiffs urge that we invalidate, as an unlawful delegation of legislative power, the 1957 amendment to sec-

tion 26. Pursuant to its limitations the sanitary district may rehire employees who have reached the age of 67 years.

The Metropolitan Sanitary District Act was approved May 29, 1889. It contained no provisions for civil service until amended in 1935. Under section 4 of the original act, the trustees were authorized to exercise all powers and manage and control the affairs of the district. Such powers, in connection with employment, were restricted by the 1935 civil service amendment, subject to the exemption set forth in section 4.13. (Ill. Rev. Stat. 1957, chap. 42, par. 323.13.) Through the enactment under consideration in the case at bar, the legislature relaxed certain of the restrictions in relation to employment, which it had previously imposed upon the district by the 1935 civil service amendment.

If the legislature has power to exempt employees from civil service, as done by section 11 of the Civil Service of Cities Act and section 4.13 of the Metropolitan Sanitary District Act, it has the power to restore to the sanitary district, without civil service restrictions, the rehiring of persons over 67 years of age. The legislature may grant to its municipal agencies such powers as it deems necessary and it may withdraw or alter such granted powers.

Under our view, this enactment does not involve a delegation of legislative power but, rather, a partial withdrawal of a legislative restriction heretofore imposed upon the power of the sanitary district to hire employees.

In passing the enactment the General Assembly has tacitly recognized that the re-employment of such retired employees will, upon occasion, be required to insure the availability of skilled workers in this vital field of public sanitation.

The trial court also held the statute violative of the due-process clauses of the State and Federal constitutions, both of which provide that "No person shall be deprived of life, liberty or property, without due process of law." (Sec-

tion 2 of article II, Ill. Const.; 14th amendment, U. S. Const.) However, before a person can properly invoke these clauses he must establish that he is within the ambit of their protection. (*Pickus* v. *Board of Education,* 9 Ill.2d 599, 606.) Generally speaking, public employment does not create property rights subject to the protection of due process. (*Pickus* v. *Board of Education,* 9 Ill.2d 599; *Dodge* v. *Board of Education,* 364 Ill. 547; *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100; *People ex rel. Gersch* v. *City of Chicago,* 242 Ill. 561; *Donahue* v. *County of Will,* 100 Ill. 94.) The legislature, having created the office or public position, may alter its terms or abolish it entirely. (*Malloy* v. *City of Chicago,* 369 Ill. 97.) Positions held under the civil service enactments of the legislature are in the nature of offices and the salary created is not property. The right of compensation arises from the rendition of services and not from a contractual relation. (*People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100, 104.) Absent a showing that the statute impairs vested rights or denies compensation for services rendered prior to its effective date, there can be no basis for a finding that it violates the traditional concepts of due process. Civil service status is not a vested right and pensions or annuity benefits expectant upon such status are not vested property rights. Alleged rights of life or liberty are subject to the same limitation when public employment is involved. *Pickus* v. *Board of Education,* 9 Ill.2d 599; *Dodge* v. *Board of Education,* 364 Ill. 547; *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100.

Plaintiffs assert, however, that the due-process provisions of the constitutions have been held to protect personal as well as property rights. In this connection they have cited cases in which due process has been invoked to protect the right of the individual citizen to pursue his profession or calling on equal terms with others similarily situated. (Cf. *People* v. *Brown,* 407 Ill. 565.) Such cases

have no application here. While labor and the right of individuals to pursue their occupation or professions have been held to involve property rights, (*People* v. *Brown,* 407 Ill. 565; *Ritchie* v. *People,* 155 Ill. 98,) the concept, so far as we know, has never been extended to public employment which exists only by will of the legislature. Plaintiffs also cite such cases as *People ex rel. Bensenville Community High School District* v. *Rathje,* 333 Ill. 304, and *Board of Administration* v. *Miles,* 278 Ill. 174, to support their position. An analysis of these cases demonstrates that the rights of members of the general public were involved and due process was invoked to protect them from the operation of law which gave unbridled discretion to the public officials charged with the administration of the act. Questions of equal protection of the laws and unlawful delegation of legislative power were also involved. These cases are not in point. The enactment neither impairs the vested rights of the plaintiffs nor denies to them any compensation to which they are entitled for services rendered in their public employment; it is not violative of due process.

Plaintiffs charge that the rule, which is an amendment to rule 11.041, is invalid. It adds to the other causes for discharge the following: "10. Have reached the age of 67 years." At a hearing conducted by the board, after notice and the filing and service of charges, it was found that each of the plaintiffs had attained the age of 67 years. The correctness of the finding is admitted. The trial court temporarily enjoined the enforcement of the rule and the injunction was later made permanent.

The civil service board is authorized by statute to discharge civil service employees of the sanitary district for cause. (Ill. Rev. Stat. 1957, chap. 42, par. 323.14.) The board is also empowered to make and amend rules to carry out the purposes of the act. (Ill. Rev. Stat. 1957, chap. 42, par. 323.5.) With the passage of the enactment providing for the compulsory retirement of sanitary district employees

at age 67, the General Assembly indicated that it considers such action necessary for the efficiency of the service. Under the law the administrative authorities have no discretion as to the retirement of employees who have attained the age designated. Such retirement is mandatory. The rule is in strict harmony with the enactment; it makes the attainment of age 67 a cause for discharge. The enactment is constitutional and the rule, which merely implements it, is valid.

The judgment and order of the superior court of Cook County is reversed and the cause is remanded to that court, with directions to enter an order dissolving the injunction and dismissing the complaint.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE DAILY, dissenting:

The opinion adopted by the court gives sanction to a statute which, to me, clearly embodies an unlawful delegation of legislative power and results in an unsettling and crushing blow to the civil service system.

By the enacting clause of the amendment under scrutiny, the legislature has fixed the age of 67 years as the compulsory retirement age for sanitary district employees. Standing alone, the enactment is unobjectionable, for, as correctly stated in the majority opinion, it is well established that the legislature may constitutionally determine a mandatory retirement age for public employees. To the enacting clause, however, the legislature had added the proviso that the sanitary district "may employ any former employee on a temporary basis after he attains 67 years of age and prior to the attainment of 72 years of age if an annual physical examination conducted by a physician designated by such corporate authorities indicates that such employee is physically fit *to continue in his employment,* and an employee *so continued in service* on a temporary basis may, at his option, as provided in Section 15 of this Act, make contributions for services rendered prior to 70 years

of age." Ill. Rev. Stat. 1957, chap. 42, par. 382.26. (Emphasis supplied.)

While it may be conceded that the hiring of temporary employees is a matter of local concern, and that the legislature could, under proper circumstances, constitutionally delegate the power to the district to employ retired employees on such a basis, the fallacy of the majority opinion is that it construes the proviso without regard to the enactment it modifies. Ordinarily the office of a proviso is to qualify, restrain or except something from the generality of the enacting clause. (*In re Day,* 181 Ill. 73; *Chicago, Burlington and Quincy Railroad Co.* v. *Doyle,* 258 Ill. 624.) Thus it is held that provisos should be strictly construed, (*Doubler* v. *Doubler,* 412 Ill. 597,) that they should be read and applied so as to accomplish the purpose of the law, (*Winner* v. *Kadow,* 373 Ill. 192,) and that the enactment and the proviso should be construed together. (See: *Aiken* v. *Will County,* 321 Ill. App. 171, leave to appeal denied 385 Ill. 630.) When these familiar rules of statutory construction are applied in this case it becomes manifest that the entire amendment unlawfully allows the true determination of the time of retirement to rest in the uncontrolled discretion of the corporate authorities. To avoid this result, the majority opinion has treated the enactment and the proviso as separate and unrelated laws.

Reading the enactment and proviso together, it is clear that an employee, although presumably retired at age 67, may, by virtue of the proviso, be continued in his employment up to age of 72 years, or for an additional five years. This continuation of employment is not based upon public need, emergency, or other grounds upon which classification or discrimination might constitutionally be justified, but solely upon an arbitrary power of selection vested in the corporate authorities of the sanitary district. It is true that an employee must be physically qualified to be continued in his employment, but such requirement in no man-

ner limits the district's power of selection. As the statute is drawn, the necessity of taking a physical examination applies only to those employees selected for continuation in the first instance, and there is no requirement that 67-year-old employees be retained even though successful in the examination. Under this system one employee may be continued in service for an additional five years, if he is fortunate enough to be selected, yet another employee may be denied the same opportunity even though equally qualified by health, experience, and skill.

To me the statute under consideration cannot be distinguished in effect and principle from the one struck down in *Malloy* v. *City of Chicago,* 365 Ill. 604. There the statute provided that police or firemen who had attained the age of 63 years "shall be retired from active service upon the order of the head of the police or fire department as the case may be," and this court held it was an invalid delegation of legislative authority inasmuch as it vested the department heads with discretion to apply it to one person and to refuse its application to another in like circumstances. Here the statute fixes the retirement age for sanitary district employees at age 67, but the proviso permits the corporate authorities to continue employment up to age 72. They may permit all employees reaching 67 years to continue, they may permit a few, or they may permit none. Likewise, they may permit employment to continue only to such year as they choose between ages 67 and 72. Clearly, therefore, the corporate authorities are given an uncontrolled discretion to determine at what precise age after age 67 that any of its employees will actually retire. This, as pointed out in the *Malloy case,* is a wholly unlawful delegation of legislative authority.

With little analysis, and with no regard for much of the language of the statute, the majority opinion interprets the proviso only as permitting the district to employ retired employees on a temporary basis. Any distinction be-

tween an employee's status before age 67 and after that age is a pure fiction. While the proviso does employ the word "temporary," it speaks in terms of such an employee being physically fit "to *continue* in his employment," and states that an employee "so *continued* in service" may make contributions to the annuity fund. When the words employed are given their plain meaning, it is apparent that the proviso does not anticipate re-employment of skilled workers as need may require, but a mandatory retirement at age 67 for some, and a continuation of the employment of others at the unbridled discretion of the corporate authorities. Moreover, it escapes me how it can be concluded that the enactment "unconditionally" terminates the civil service tenure of employees reaching the age of 67 years, when the proviso permits them to make contributions to the annuity fund during the continuation of their employment, up to age 70. Most certainly these contributions are not gratuities and are paid and received in anticipation of larger benefits resulting from longer tenure.

Furthermore, it is my opinion that extending the true and actual retirement date of an employee under the guise of "temporary" employment, or "continuance" in employment, results in irreparable harm to the civil service system. Courts of this State have expressly stated that one of the fundamental purposes of civil service laws is to protect municipal employees by assuring them against discharge without cause, (*McArdle* v. *City of Chicago*, 216 Ill. App. 343,) by removing their employment from political pressure, (*Board of Library Directors* v. *Snigg*, 303 Ill. App. 340,) and by providing that appointments are made on fitness and merit. (*People ex rel. Akin* v. *Kipley*, 171 Ill. 44.) By sanctioning a statute that makes such an employee's retirement date depend on selection by the corporate authorities, this court has departed from these precepts. With this court's condonation of the present statute as a guide, it is neither impossible nor improbable that any municipal

corporation employing the civil service system could seek and obtain from the legislature a mandatory retirement age as low as 50 years, thus giving the corporate authorities even greater latitude in maintaining an arbitrary control over its civil service employees through the device of temporary employment. Under such a system, towards which the present statute represents a step, public employment would once more become dependent upon the forces and chances of political tides.

I reiterate that I do not say that the legislature may not authorize the temporary employment of retired employees in a proper case, such as where there is a shortage of skills or the public convenience and necessity demands it. The present statute, however, seeks only to permit a continuation of employment beyond retirement age, and selection for such employment is made to relate to the whim and uncontrolled discretion of the corporate authorities, rather than to merit, skill or public need. Nor do I deny that the legislature, having created the civil service system, has the power to change the laws affecting the system. It may not, however, ignore constitutional limitations and delegate the legislative authority as it has done in this case. On this ground, the decision of the court below should be affirmed.

Mr. JUSTICE BRISTOW joins in this dissent.