Rita A. HOHMEIER, Plaintiff,

v.

LEYDEN COMMUNITY HIGH SCHOOLS DISTRICT 212, Charles Thompson, individually and as Principal of West Leyden High School, Ruth Schwartz, individually and as an employee or agent of Leyden High Schools, and Linda Worner, individually and as an employee or agent of Leyden High Schools, Defendants.

No. 88 C 2711.

United States District Court, N.D. Illinois, E.D.

Oct. 2, 1990.

Donald Rothschild, Donald S. Rothschild & Associates, Ltd., Oak Park, Ill., for plaintiff.

Michael J. Duggan, J. Todd Faulkner, Klein, Thorpe and Jenkins, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This order concerns defendants' motion for summary judgment pursuant to Fed.R. Civ.P. 56. For the reasons stated herein, defendants' motion is granted.

## FACTS

Plaintiff Rita Hohmeier was hired by defendant Leyden High School District 212 ("District 212") on August 8, 1979. For

eight years, Hohmeier worked for District 212 as an educational secretary at West Leyden High School ("West Leyden") in Cook County, Illinois. However, for reasons disputed by the parties, on November 6, 1987, Hohmeier was fired. Hohmeier was informed of her termination at a meeting with Mildred Fultz, the District 212 office coordinator. At that meeting, Fultz supplied Hohmeier with a seven-page memorandum detailing the reasons for her termination. The memorandum had been prepared by Ruth Schwartz, the office coordinator at West Leyden who was one of Hohmeier's immediate supervisors.[1]

In addition to Schwartz's memorandum, Fultz also provided Hohmeier with a document setting forth provision # 4223 of the District 212 policy manual. That provision states:

*Termination of Employment*

1. The Office Supervisor may recommend that an Instructional/supervisory supportive staff employee's employment be terminated for proper cause.

2. Reasons for said termination will be presented to the Business Manager and Superintendent of Schools in writing. The decision will be made by the Superintendent, implemented through the Business Manager, and a copy of the reasons for the termination will be given to the employee.

3. At least two week's [sic] notice is required, either for resignation or dismissal.

4. If the continued presence of the employee on the premises will be detrimental to the best interests of the school, then employment may be terminated immediately upon notice along with two (2) week's [sic] pay in lieu thereof; provided, however, that if such employment is terminated by reason of serious misconduct, intoxi-

---

1. Schwartz's memorandum contains a litany of reasons for Hohmeier's discharge, including mediocre work habits, uncooperativeness with teachers, over-extension of breaks and lunches, gossiping, and excessive use of the telephones for personal matters. Hohmeier contends that all of Schwartz's allegations are untrue, and that Schwartz asserted these charges against her as a mere pretense for terminating her.

cation, or any offense that will bring discredit upon the school, then no severance pay shall be granted.

5. All cases of discharge shall be subject to the regular established grievance procedure, Policy 4222, which allows for appeals to the Board of Education.

Prior to her meeting with Fultz, Hohmeier had never seen policy manual provision # 4223 and was unaware that the provision existed. At the conclusion of Hohmeier's termination meeting, Fultz gave Hohmeier a check representing two weeks' pay. Hohmeier signed for the check, but added the notation: "I accept only the check—I do not agree with anything being told to me by Mrs. Fultz."

Sometime after her termination meeting, Hohmeier requested a copy of the grievance procedures referred to in the "Termination of Employment" policy manual provision she had received from Fultz. In response to her request, on November 9, 1987, Hohmeier received a copy of provision # 4222 of the District 212 policy manual, which outlines the District 212 grievance procedure. That provision states:

*Grievances and Grievance Committee— Supportive Staff*

1. Employees who feel that they have a grievance in connection with their jobs are entitled to make such grievance known.

2. Grievances shall be first presented to the department supervisor. If settlement is not reached, the matter shall be reduced to writing with copies of same given to all affected parties and an appeal may be made to the Business Manager. If a satisfactory settlement is not reached at this step, an additional appeal may be made through the Business Manager to the Superintendent of Schools. If further appeal is requested, the grievance may be submitted to the Board of Education through the Superintendent of Schools. In all cases a written reply will be made to the grievant with copies to all individuals involved following each decision at the various steps of the above grievance procedure.

Upon being notified of the District 212 grievance policy, Hohmeier and her attorney sought and received the full complement of grievance procedures set forth in provision # 4222. First, on November 17, 1987, Hohmeier and her attorney met with Schwartz and defendant Charles Thompson, the principal of West Leyden. At that meeting, Hohmeier presented a grievance regarding her termination. Hohmeier's grievance was denied in writing by Schwartz on November 23, 1987. Two days later, Hohmeier presented her grievance to Robert A. Nanni, the District 212 business manager. Nanni sent Hohmeier a letter denying her grievance on December 3, 1987. Two weeks later, Hohmeier, along with her attorney, presented her grievance to Dr. Jack Schoenholtz, the District 212 Superintendent of Schools. Also present at the meeting were Nanni, Thompson, Schwartz, and defendant Linda Worner. Worner, as chairperson of West Leyden's English department, had supervised some of the work which Hohmeier had performed for the English department. Hohmeier contended at the December 17 meeting that her termination was unjustified, but Superintendent Schoenholtz rejected her arguments in a written decision dated January 6, 1988. Finally, on January 28, 1988, a hearing was held before the Board of Education of District 212 regarding Hohmeier's termination. At that hearing, Hohmeier presented witnesses who testified on her behalf and she again argued that her discharge was unwarranted. The Board voted to uphold Hohmeier's termination.

Having unsuccessfully exhausted the District 212 grievance procedures, Hohmeier then filed this action under 42 U.S.C. § 1983. Hohmeier's complaint alleges that provision # 4223 of the District 212 policy manual created a property interest in her continued employment, and that provision # 4222 gave her a property interest in certain grievance procedures. She further claims that defendants' actions in causing her termination and in withholding her ac-

cess to the grievance procedures until after her termination denied her those property interests in violation of her due process rights as guaranteed by the Fourteenth Amendment.

## DISCUSSION

In order to establish a claim for loss of property without due process in violation of the Fourteenth Amendment, Hohmeier must demonstrate a protectible property interest in her employment. *Bishop v. Wood*, 426 U.S. 341, 343, 96 S.Ct. 2074, 2076–77, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972); *see also Thornton v. Barnes*, 890 F.2d 1380, 1386 (7th Cir.1989); *Farmer v. Lane*, 864 F.2d 473, 478 (7th Cir.1988). Just a few weeks ago, the Seventh Circuit reiterated that in the context of due process claims, "[p]roperty interests are, of course, created by state law." *Lohorn v. Michal*, 913 F.2d 327, 335 (7th Cir.1990). "Property interests in employment may be created by express or implied contracts, municipal ordinances or state laws—including those 'rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Farmer*, 864 F.2d at 478 (quoting *Board of Regents*, 408 U.S. at 577, 92 S.Ct. at 2709); *see also Domiano v. Village of River Grove*, 904 F.2d 1142, 1147 (7th Cir.1990); *Thornton*, 890 F.2d at 1386. In any case, however, "the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop*, 426 U.S. at 344, 96 S.Ct. at 2077; *see also Corcoran v. Chicago Park District*, 875 F.2d 609, 612 (7th Cir.1989); *Fontano v. City of Chicago*, 820 F.2d 213, 214 (7th Cir.1987); *Ohse v. Hughes*, 816 F.2d 1144, 1148 (7th Cir.1987); *Schultz v. Baumgart*, 738 F.2d 231, 234 (7th Cir. 1984).

■ In the instant case, Hohmeier first claims a property interest in her continued employment based on provision # 4223 of the District 212 policy manual. The law is clear in Illinois, however, that public employees have no presumptive property interest in their positions. *Domiano*, 904 F.2d at 1147 (citing *Levin v. Civil Service Comm'n of Cook County*, 52 Ill.2d 516, 521, 288 N.E.2d 97, 100 (1972), and *Jordan v. Metropolitan Sanitary District*, 15 Ill.2d 369, 382, 155 N.E.2d 297 (1958)). An employee policy manual creates an enforceable right to employment only in certain limited circumstances. In *Duldulao v. St. Mary of Nazareth Hospital*, 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314 (1986), the Illinois Supreme Court stated:

> [W]e hold that an employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement.

Even assuming that the first requirement in *Duldulao* is met in this case, the latter two requirements are clearly not satisfied. Hohmeier admits that she never received a copy of policy manual provision # 4223 until Fultz provided it to her upon her termination. In fact, Hohmeier concedes that prior to her discharge, she had no idea that such a provision existed. As such, Hohmeier could not have reasonably believed that the policy manual contained an offer of employment, and she could not have based her employment on the language in provision # 4223. Thus, under *Duldulao*, Hohmeier cannot now claim that she had a protectible property interest in her continued employment by virtue of provision # 4223. *See Lee v. County of Cook*, 862 F.2d 139, 141–42 (7th Cir.1988).

■ Hohmeier contends that even if provision # 4223 does not provide her with a contractual property interest pursuant to *Duldulao*, she still has a cognizable constitutional property interest in her continued employment pursuant to the Supreme Court's decision in *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In that case, the Court stated:

"[P]roperty" denotes a broad range of interests that are secured by "existing rules or understandings." A person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

*Id.* at 601, 92 S.Ct. at 2699. The language in *Perry,* however, is of no avail to Hohmeier's claim. State law—as set forth in *Duldulao*—defines whether the District 212 policy manual creates an enforceable rule which District 212 is bound to follow. *Corcoran,* 875 F.2d at 612; *Fontano,* 820 F.2d at 214; *Ohse,* 816 F.2d at 1148. As noted, under *Duldulao* no enforceable rule regarding Hohmeier's employment could have been created by District 212 policy # 4223 in this case. In addition, Hohmeier cannot claim under the facts alleged here that there existed any mutual understanding between herself and District 212, since she was unaware of the provision on which she bases her property interest until the time of her discharge. Thus, *Perry* does not provide Hohmeier with a cognizable property interest in her continued employment.

■ Hohmeier also argues that pursuant to provision # 4222, she had a property interest in having access to certain grievance procedures prior to her termination. However, even if provision # 4222 could be construed as creating certain pretermination grievance procedures for contesting termination of employment decisions, that provision cannot form the basis of any due process claim. It is well-settled that grievance procedures by themselves do not constitute property interests for due process purposes. *Olim v. Wakinekona,* 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748–49, 75 L.Ed.2d 813 (1983), *see also Smith v. Town of Eaton,* 910 F.2d 1469, 1471–72 n. 4 (7th Cir.1990); *Volk v. Coler,* 845 F.2d 1422, 1430 (7th Cir.1988); *Endicott v. Huddleston,* 644 F.2d 1208, 1214 (7th Cir.1980). Thus, Hohmeier's due process claim based on provision # 4222 is meritless.

■ Finally, although Hohmeier's brief in opposition to defendant's motion seems to characterize her claim as raising both procedural and substantive concerns, the gravamen of her complaint essentially sounds in terms of substantive, not procedural, due process. Hohmeier's complaint does not merely seek notice and an opportunity to respond to Schwartz's allegations against her; she seeks redress for defendants' allegedly unlawful deprivation of the property interests she claims are embodied in policy manual provisions 4222 and 4223. The Seventh Circuit has acknowledged that "a substantive due process claim can be brought in the context of property interests." *New Burnham Prairie Homes, Inc. v. Village of Burnham,* 910 F.2d 1474, 1480–81 (7th Cir.1990); *see also Estate of Himelstein v. City of Fort Wayne,* 898 F.2d 573, 577 (7th Cir.1990); *Polenz v. Parrott,* 883 F.2d 551, 558 (7th Cir.1989). However, to sufficiently state a substantive due process claim based on the deprivation of a property interest, the plaintiff must allege that the decision denying his property interest was arbitrary and irrational, and the plaintiff must further allege "either a separate constitutional violation or the inadequacy of state law remedies." *New Burnham,* 910 F.2d at 1481; *Polenz,* 883 F.2d at 558.

In the instant case, even assuming that Hohmeier could prove that her termination was arbitrary and irrational, Hohmeier's complaint fails to allege either a separate constitutional violation or the inadequacy of state law remedies. Furthermore, if, as Hohmeier argues, the District 212 policy manual gave Hohmeier a property interest in her employment, then any argument that state law remedies are insufficient would be untenable. In that case, Hohmeier could pursue her state law remedies such as a breach of contract claim under *Duldulao.* Accordingly, Hohmeier cannot prevail on a substantive due process claim.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.